Thomas P. Farley, J.
In this action to foreclose a mechanic’s lien, defendants move for an order (a) striking the action from the calendar and (b) directing plaintiff to furnish a further verified bill of particulars or in the alternative, for an order of preclusion.
Simultaneously with its service of the bill of particulars in question upon defendants, plaintiff served a statement of readiness ('Special Buie, App. Div. 2d Dept., eff. Nov. 18, 1957, as amd.) and note of issue for the February 1961 Term of this court. One week later defendants received a second statement of readiness and note of issue for the March 1961 Term. Both statements allege that the defendants have completed ‘ ‘ all necessary or proper preliminary proceedings allowed by statute and Buies of Civil Practice relating to examinations before trial”, *608 whereas in fact the defendants have not examined the plaintiff before trial.
The propriety, in this case, of serving the bill of particulars simultaneously with, or shortly before the service and filing of the statement of readiness and note of issue is to be questioned, since the plaintiff has not previously been examined before trial. The defendant is entitled to a reasonable opportunity to examine the bill of particulars and complete its investigation relative to the facts cited therein before determining whether an examination of the plaintiff before trial is to be had. (Padula v. City of New York, 14 Misc 2d 259.) An intervening- period of two months between the service of a bill of particulars and the filing of a statement of readiness has been held insufficient. (Kerner v. Schulman, 14 Misc 2d 259.) Accordingly, plaintiff’s service and filing of the statement of readiness was premature and defendants are entitled to have the case stricken from the calendar.
Plaintiff resists the application for a further bill of particulars on the grounds, inter alla, that the information requested has already been furnished defendants in the course of various conferences and prior dealings; that certain items of demand are irrelevant and that certain other items have previously been supplied in connection with a demand by defendant under section 38 of the Lien Law.
Plaintiff’s objections may be disposed of on procedural grounds since it appears the demand for the bill was served six months ago. The practice of failing to question the propriety of the demand within the time stipulated by subdivision (d) of rule 115 of the Buies of Civil Practice and until a motion to preclude has been made has been condemned (Petersdorf v. O’Hagan, 286 App. Div. 1100). In this Department it has been held that a party may not contest the items of a demand for the first time on a motion to preclude unless palpably improper. (Tomasino v. Prudential Westchester Corp., 1 A D 2d 781.)
Moreover, aside from purely procedural objections, the basis of plaintiff’s position is without legal foundation. The office of a bill of particulars is to amplify the pleading, to limit the proof and to prevent surprise at the trial. “ The granting of a bill of particulars depends upon what the aggrieved party claims the facts are, and not upon the adversary’s knowledge thereof, nor upon the actual facts.” (Solomon v. Travelers Fire Ins. Co., 5 AD 2d 1017.)
Nor are the particulars requested “irrelevant ”. The action is essentially one for moneys due under a cost plus contract *609 for the construction of a development of residential homes in which the plaintiff contractor obligated itself to ‘ ‘ make available to defendant all bills and other items showing expenses
In its demand defendant justifiably seeks the details of transactions between the plaintiff and its subcontractors including their names and addresses; the nature of the work which they performed; the materials which they furnished; the amount of obligation incurred; the various dates of payment and the amounts thereof; the manner of payment and the form and content of the several subcontracts. It is obvious that defendants are entitled to inquire into the bona fieles of the numerous transactions out of which ultimate liability is sought to be imposed.
The motion to preclude is granted unless within 20 days after service of the order to be entered hereon, with notice of entry, plaintiff serve upon defendants a further bill of particulars as to items Second (a) 1, 2, 5, 6 & 7; Second (b) 1, 2 & 3; Third (a) 1, 2 & 3. It appears plaintiff has adequately furnished particulars as to the other items of demand.