█ Anita Eisenberg et al., Respondents, v. David Eisenberg, Appellant.— In an action to recover moneys allegedly entrusted by plaintiffs to the defendant for purpose of investment, the defendant appeals from so much of an order of the Supreme Court, Queens County, dated January 24, 1962 as: (1) denied his motion to strike the action from the calendar, and (2) conditionally granted his motion to dismiss the complaint, the condition being that plaintiffs shall submit to examination before trial on February 19, 1962. Order modified as follows: (a) by striking out the first ordering paragraph denying the defendant's motion to strike the action from the calendar, and by substituting therefor a paragraph granting the said motion; and (b) by striking from the second ordering paragraph the date of February 19, 1962 fixed for plaintiff's examination. As so modified, the order, insofar as appealed from, is affirmed, with $10 costs and disbursements to defendant. The examination shall proceed on 10 days' written notice or on a date to be mutually fixed by the parties. It is not disputed that this action was not ready for trial when the note of issue and

statement of readiness were filed. Hence, the action should have been struck from the calendar on defendant's timely application therefor (cf. *Springer* v. *Carlson*, 11 A D 2d 1077; App. Div., 2d Dept., Special Rule [5] [since rescinded and superseded by Special Rule, eff. March 1, 1962]). However, the circumstances here clearly support the Special Term's refusal to dismiss the complaint unconditionally. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.