■ LEON COLLINS, an Infant, by WILLIAM F. COLLINS, His Guardian ad Litem, et al., Respondents, v. JAMESTOWN MUTUAL INSURANCE COMPANY, Appellant.— HERLIHY, J. Appeal from an order of Supreme Court at Special Term entered in Schoharie County on June 27, 1968. The order appealed from determines motions made by both parties. On July 28, 1966 Gerald T. Vaccaro, appellant's insured, was operating an automobile which caused injuries to the infant respondent, a passenger therein. The respondents commenced an action against Vaccaro for personal injuries; the appellant disclaimed coverage and refused to defend; a default judgment was granted to the infant and his father. Vaccaro assigned any rights to a claim he might have against appellant for bad faith or breach of contract to the respondents. The respondents thereupon commenced the present action against appellant, the first cause of action being that assigned by Vaccaro to them and the second cause of action seeking the policy limits as judgment creditor pursuant to section 167 of the Insurance Law. The respondents conducted an examination before trial of the appellant and its counsel refused to permit the disclosure of evidence relating to its investigation of the accident and disclaimer of liability upon the ground that such information was privileged because of the confidential relationship between the appellant and its insured. The respondents moved before Special Term to compel disclosure. Special Term ordered that the appellant was to comply in full with the respondents' notice of examination before trial. Appellant contends that this was error because its investigation of Vaccaro's accident constituted privileged and confidential communications. Appellant asserts that as a matter of law there is a privileged and confidential relationship between an insured and an insurer and cites *Kandel* v. *Toucher* (22 A D 2d 513, 517, 518). In the *Kandel* case it was indicated that statements made by the insured to his insurer might be privileged communications in a negligence action, but did not decide the point. This court considered the *Kandel* case in the case of *Bennett* v. *Troy Record Co.* (25 A D 2d 799) and held that the insurance company was subject to disclosure. It does not appear that any statements of the insured to his insurer are involved in the present proceeding or that the appellant is urging that the subject matter is precluded as having been prepared for litigation. An investigation conducted to defend an insured against a possible legal action is

not material prepared for legal action as against the insurer himself. Special Term was not in error in directing the disclosure. (*Bennett* v. *Troy Record Co.*, *supra*; *Linton* v. *Lehigh Val. R. R. Co.*, 25 A D 2d 334, 335.) The appellant contends in this court that Special Term should have ordered its examination of the respondents' assignor (Vaccaro) to be held prior to the examination of appellant. It does not appear that appellant made any motion before Special Term for such a preference. We note that the reasons for such a preference asserted by appellant in its brief relate solely to the cause of action on the assignment and are not sufficient to warrant a preference. With reference to the question of the note of issue, Special Term found that because no urgency existed, there would be no difficulty in readying the action for trial at the next term of court. The same relevant time issue is presently before this court. The rules of the Third Department require that a note of issue shall not be filed until such time as the pretrial preliminaries have been completed and this rule has been strictly enforced. The note of issue should, therefore, be stricken from the Schoharie County Supreme Court calendar, but we agree with Special Term that there is ample opportunity to conduct the necessary preliminaries so that the matter can be noted for the next term of court at Schoharie County in November, 1969. Order modified, on the law and the facts, to the extent of striking the note of issue from the Schoharie County Supreme Court calendar and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum by Herlihy, J. [56 Misc 2d 964.]