■ EUGENE B. IRISH CONSTRUCTION CO., INC., Respondent, v. STANDARD VENDING CORP. et al, Appellants.— Order unanimously reversed, with costs; motion for preference denied, without prejudice, and cross motion to strike case from Trial Calendar granted. Motion to stay trial dismissed as moot. Memorandum: In this action to foreclose a mechanic's lien based upon services performed and materials furnished from November, 1973 to June, 1974 under an unwritten contract, plaintiff seeks to recover approximately $120,000. The action was instituted by service of a summons and complaint on September 17, 1974; answer with counterclaim for $225,000 was served on October 17, with a demand for a bill of particulars; plaintiff served a reply to the counterclaim on October 18, and on October 21 served a voluminous bill of particulars. On October 22 plaintiff filed and served a note of issue with statement of readiness in which it stated that no deposition was required, and at the same time plaintiff served on defendants a motion for trial preference returnable on November 4. Defendants cross-moved to strike the case from the calendar. Special Term denied the cross motion and conditionally granted plaintiff's motion for trial preference upon the Trial Calendar on February 3, 1975, and the case is now scheduled for trial on February 21. Defendants appeal from that order, asserting that it was improperly granted on procedural grounds and also as a matter of discretion. We agree that defendants were entitled to an order strik-

ing the case from the Trial Calendar. Five days after service of the answer and counterclaim and only one day after plaintiff served its voluminous bill of particulars plaintiff filed and served its note of issue with statement of readiness and certified that no deposition was required. In a case of this character such statement was at best wishful thinking. Defendants promptly (within two days) moved to strike the case from the calendar as not being ready, pointing out the need of examinations before trial. Special Term's memorandum reveals that at the date of argument of the motion (Nov. 4) defendants had scheduled one examination before trial, and the court opined that by December 9 (date of decision) that examination should have been concluded. The record shows clearly that the case was not ready when the note of issue was filed, and it was error for Special Term to deny the motion to strike it from the calendar (court rule 22 NYCRR 1024.4 [e]; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3402.10). Since the case was improperly noticed as ready, it was error for the court to grant the preference (*Moran* v. *Portchester Iron Works,* 11 A D 2d 783; *Friedman* v. *Friedman,* 5 A D 2d 864; *Vinal* v. *New York Cent. R. R. Co.,* 48 Misc 2d 362). This decision is made without prejudice to plaintiff filing a new note of issue and certificate of readiness with motion for preference. Although it would have been better had plaintiff presented more information to establish its financial stricture, we do not find that Special Term abused its discretion in that respect in granting the preference under CPLR 3403 (subd. [a], par. 3) and would not reverse on that ground. The motion to stay the trial should be dismissed as moot. (Appeal from order of Onondaga Trial Term, granting preference in action on lien.) Present — Marsh, P. J., Moule, Mahoney, Del Vecchio and Witmer, JJ.