GERALDINE A. POLSINELLI, Appellant, v HANOVER INSURANCE COMPANY, Respondent.

Third Department, June 1, 1978

## APPEARANCES OF COUNSEL

*Nicholas J. Grasso* for appellant.

*Bouck, Holloway & Kiernan (Bruce W. Keihner* of counsel), for respondent.

**OPINION OF THE COURT**

HERLIHY, J.

The plaintiff apparently commenced this action against the defendant insurance company seeking to enforce the liability under the defendant's insurance policy for damages to a residence resulting from fire. The fire occurred on November 19, 1975. The record contains a written statement dated November 19, 1975 and signed by the plaintiff and her husband, John G. Polsinelli. That statement details the activities of John G. Polsinelli in regard to the house in and about the time when the fire probably commenced.

The action was commenced by the service of a summons on January 16, 1976; an appearance was made on or about January 27, 1976; the complaint was served on December 2, 1976; and an answer was received on December 8, 1976. The defendant alleges in its answer that following the commencement of the action and prior to the joinder of issue, the plaintiff on or about February 17, 1976 submitted "sworn statements and proof of loss, under oath"; and, on or about March 29, 1976 she "gave testimony at an examination under oath conducted pursuant to a demand made by the defendant".

The parties exchanged mutual demands for bills of particulars and the plaintiff served her response on March 23, 1977 while the defendant served its response on or about April 7, 1977. The plaintiff also, on March 23, 1977, filed a statement of readiness and a note of issue. The defendant on or about April 13, 1977 moved to strike the note of issue as premature because it had not had a reasonable opportunity to determine if a further examination of the plaintiff would be necessary based upon the bill of particulars—not part of the record—*and* also moved for an order directing John Polsinelli to appear for an examination before trial.

Special Term granted the motions of the defendant. The note of issue and statement of readiness were struck upon the ground that, as a matter of law, there was not a reasonable opportunity to complete disclosure when the note of issue and statement of readiness were filed at the same time as the bill of particulars.

■ It has been held that when, contrary to the statement of readiness, a case is not ready for trial, the note of issue must be stricken *(Collins v Jamestown Mut. Ins. Co.,* 32 AD2d 725,

726; *Mazzara v Town of Pittsford,* 30 AD2d 634; *Eisenberg v Eisenberg,* 16 AD2d 825). However, where a defendant has had ample opportunity to complete its pretrial remedies, the motion to strike has been denied *(Marzello v Kiamesha Concord,* 26 AD2d 986). Ordinarily the filing of a note of issue at the same time as the service of a bill of particulars might not logically permit inference that there has been ample time to complete disclosure. (See, e.g., *Zummo Constr. Co. v Campbell Realty Corp.,* 27 Misc 2d 607, 608; *Padula v City of New York,* 14 Misc 2d 259.) Nevertheless, each case must be looked at upon its own facts as to the past conduct of the parties to determine whether or not there has been a reasonable opportunity to complete disclosure (cf. *Irish Constr. Co. v Standard Vending Corp.,* 47 AD2d 706; *Collins v Jamestown Mut. Ins. Co., supra).*

Upon the present record, the plaintiff had filed with the defendant a sworn statement of her proof of loss and had been examined under oath prior to the filing of the bill of particulars. The defendant's motion was not made until at least 20 days after service of the bill of particulars and in the accompanying affidavits there is no allegation of any further need to examine the appellant. Upon the facts of this case, the record does establish that there had been a reasonable time for disclosure as to the plaintiff herself.

The remaining question is whether or not the defendant has demonstrated in its papers a sound basis for compelling the examination before trial of John G. Polsinelli, a witness. Special Term found that since it appeared that the husband of plaintiff would probably be a hostile witness and "may have special knowledge of the incident" disclosure should be ordered pursuant to CPLR 3101 (subd [a], par [4]) which provides, in applicable part, as follows:

"(a) There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: * * *

"(4) any person when the court on motion determines that there are special circumstances."

The present record establishes that the witness has already co-operated with the defendant to the extent of joining the plaintiff in the giving and signing of a written statement on November 19, 1975. Since the witness has already co-operated in the giving of a statement, the fact that he is the plaintiff's

husband cannot alone establish that he is hostile so as to create a special circumstance as is required. Furthermore, the defendant's insistent reference to the statement of November 19, 1975 as a statement by the plaintiff does not erase the signature of the witness from the statement.

The affidavit of the defendant's attorney does not establish any specific need for the testimony of the witness in regard to the facts of the case and it is certain that no specific need for a pretrial deposition has been shown (see *Kenford Co. v County of Erie,* 41 AD2d 586). In the case of *Shutt v Pooley* (43 AD2d 59), the various considerations involved in exercising the discretion to order disclosure were fully considered by this court and generally the information possessed by the witness herein would be material and probably needful in the defendant's preparation for trial. However, the record must also show "special circumstances" before an examination can be ordered (cf. *Villano v Conde Nast Pub.,* 46 AD2d 118). The present record does not disclose any special circumstances which would reasonably warrant the issue of an order directing the appellant's husband to appear for an examination before trial.

In an action on a fire insurance policy where the company has a right to examine the insured under the terms of the policy, which was done here (March 29, 1976), consideration should be given to the policyholder. Here, the fire occurred on November 19, 1975. The motion appealed from was dated April 13, 1977, approximately one and one-half years following the fire.

Since the direction that John Polsinelli appear for an examination before trial must be reversed and there remains no showing that the defendant has not completed disclosure or had a reasonably sufficient time for such purpose, the order appealed from must be reversed in its entirety.

The order should be reversed, on the law and the facts, with costs, and the motion should be denied.

MAHONEY, P. J., SWEENEY, STALEY, JR., and LARKIN, JJ., concur.

Order reversed, on the law and the facts, with costs, and motion denied.