■ Seth A. Martins, an Infant, by Kent Martins, His Father, et al., Respondents-Appellants, v Korvettes Division of Arlen Realty and Development Corp., Appellant-Respondent, and Hanes Corp., Respondent.— Order, Supreme Court, New York County, entered November 2, 1978, granting Korvettes' motion to strike the action from the calendar only to the extent of directing certain further discovery, modified, on the law and on the facts, to provide for plaintiffs' custody of a cigarette lighter between tests to be performed by defendants; to provide Korvettes with three additional two- by six-inch swatches of T-shirt material for flammability tests; to direct service of a subpoena on Mrs. Natalie Martins, pursuant to CPLR 3106 (subd [b]); and to extend time for physical examination of infant plaintiff for 30 days after service of a copy of the order to be entered hereon and otherwise affirmed, without costs. These are cross appeals by plaintiffs and the defendant Korvettes Division of Arlen Realty and Development Corp. (Korvettes) from an order granting Korvettes' motion to strike the action from the calendar only to the extent of directing further discovery. The underlying action seeks the recovery of damages allegedly sustained when the infant plaintiff was severely burned while wearing a T-shirt manufactured by Hanes and sold by Korvettes. Plaintiffs contend primarily that the discovery granted was untimely, Korvettes having had an adequate opportunity to pursue discovery prior to the statement of readiness. We perceive no culpable delays by Korvettes and are satisfied that the discovery directed in the order appealed from represented an appropriate exercise of discretion. On the other hand, we agree that plaintiffs should retain custody of the cigarette lighter between tests. Korvettes appeals from that part of the order that denied its application for additional swatches of T-shirt material for flammability testing. Part 1610 of the regulations under the Flammable Fabrics Act prescribes in 16 CFR 1610.4 that there should be five specimens, each measuring two by six inches for the indicated test. Since Korvettes previously had the opportunity to examine material, the equivalent only of two two- by six-inch swatches, we are of the view that

this part of the discovery application should have been granted. In addition, that part of Special Term's order directing a deposition of the infant plaintiff's mother should be amended to provide for service of a subpoena pursuant to CPLR 3106 (subd [b]). Settle order. Concur—Birns, J. P., Evans, Fein, Sandler and Lupiano, JJ.