■ ANDREW BARANYK, Respondent, v RITA BARANYK, Appellant.—Appeals from (1) an order of the Supreme Court at Special Term, entered August 14, 1979 in Broome County, which granted temporary alimony and counsel fees and denied exclusive possession of the marital residence and (2) an order of the Supreme Court at Special Term, entered September 21, 1979 in Broome County, which denied defendant's motion to vacate the note of issue and certificate of readiness and to strike the action from the calendar. The parties were married in 1976 and have no children. It appears from the record that in July, 1978 plaintiff moved out of the joint residence, and in November, 1978 defendant moved from the joint residence taking most of the furniture with her. Plaintiff thereafter moved back into the residence. This action for divorce was commenced in December, 1978 and defendant, in her answer, sought a judgment of divorce by way of counterclaim. Defendant moved in July, 1979 for an order granting her temporary alimony,

counsel fees and exclusive possession of the marital residence. By order entered August 14, 1979, Special Term granted defendant temporary alimony of $125 per week for two weeks, counsel fees of $150 with leave to apply for additional allowance at the time of trial and denied defendant's motion for exclusive possession of the marital residence. A note of issue and certificate of readiness were filed by plaintiff on August 20, 1979. By order entered September 21, 1979, Special Term denied defendant's motion to vacate the note of issue and certificate of readiness and to strike the action from the calendar. Defendant appeals from both orders. The awarding of temporary alimony is discretionary with the court (Domestic Relations Law, § 236) as is the awarding of counsel fees (Domestic Relations Law, § 237). In awarding temporary alimony of $125 for two weeks, Special Term noted that such order was made in view of the fact that defendant would, within that period, be drawing unemployment insurance and in view of the conflicting statements in the affidavits which could not be resolved without a hearing. In the decision of Special Term regarding counsel fees, the court stated that defendant had failed to comply with proper motion procedures required in seeking counsel fees. From our review of the record, this court is of the opinion that there was no abuse of discretion by Special Term in its award of temporary alimony and counsel fees. Exclusive possession of the marital home, *pendente lite*, should not be ordered prior to a hearing unless it is demonstrated that such possession is necessary for the protection of the safety of persons and property *(Broadhurst v Broadhurst,* 50 AD2d 569). No such showing was made in the instant case and, consequently, Special Term properly denied defendant's motion for exclusive possession of the marital residence. In answer to defendant's remaining contentions concerning the awards of temporary alimony and counsel fees and the denial of exclusive possession of the marital residence, we respond that a prompt trial is the most efficacious means to resolve any claimed inequities (see *Fitzgerald v Fitzgerald,* 69 AD2d 808; *Hahn v Hahn,* 65 AD2d 782). The order entered August 14, 1979 should be affirmed. In regard to the order denying defendant's motion to vacate the note of issue and certificate of readiness and to strike the action from the calendar, it is to be noted that this action was commenced in December, 1978 and that defendant has changed attorneys at least three times since the action was commenced. In our view, defendant has had ample time to complete her pretrial remedies and, consequently, Special Term did not abuse its discretion in denying defendant's motion *(Polsinelli v Hanover Ins. Co.,* 62 AD2d 376; *Marzello v Kiamesha Concord,* 26 AD2d 986). The order entered September 21, 1979 should, therefore, be affirmed. Orders affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.