■ GLEN W. KINNEY, Respondent, v DONNA L. KINNEY, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered October 23, 1980 in Albany County, which denied defendant's motion to vacate a note of issue and strike the action from the calendar. On June 18, 1980, plaintiff commenced the present action for divorce. No answer was served by defendant and on September 30, 1980, plaintiff filed a note of issue and certificate of readiness. Within 20 days from said filing, a motion was made by defendant to vacate the note of issue and to assess the costs of the motion against plaintiff's attorney. This motion was accompanied by an affidavit in which defendant's attorney averred that a motion by defendant to dismiss the complaint and/or for a more definite statement was then pending and that the certificate of readiness contained false affirmations that all pleadings had been served, that a bill of particulars was not required and that discovery proceedings then known to be necessary were completed. Plaintiff served no answering papers in opposition to the motion. Special Term denied the motion but granted defendant a reasonable time in which to have a deposition upon oral examination of the plaintiff. This appeal ensued. Initially, we would note that both parties have recited facts on this appeal which are not properly presented in the record and, therefore, these averments cannot now be considered by this court *(Bankers Trust Co. of Albany, N.A. v Martin,* 51 AD2d 411, 413-414; *Mulligan v Lackey,* 33 AD2d 991,

992). It is clear from a review of the record, however, that certain statements contained in the certificate of readiness are incorrect. As a general rule when a case is not ready for trial, contrary to the certificate of readiness, the note of issue must be stricken (see *Polsinelli v Hanover Ins. Co.*, 62 AD2d 376; *Collins v Jamestown Mut. Ins. Co.*, 32 AD2d 725). Special Term, however, in denying the motion, specifically granted defendant a reasonable time in which to examine plaintiff. Consequently, on this record, we find no prejudice to defendant and are unable to say that Special Term abused its discretion. There should be an affirmance. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.