■ JEANNINE T. HUTCHINS et al., Respondents, v ALICE C. WAND, Appellant. — Appeal from an order of the Supreme Court at Special Term (Quinn, J.), entered September 6, 1979 in Franklin County, which denied defendant's motion to vacate a note of issue and certificate of readiness, directed the filing of an amended complaint and amended answer, and ordered all discovery proceedings be completed within 10 days prior to the next available Trial Term. After pleadings and discovery were complete, plaintiff was granted leave to serve an amended complaint increasing the *ad damnum* clause. Defendant then sought to vacate a note of issue and statement of readiness served simultaneously with the order granting leave to serve an amended complaint, on the ground further discovery was required following revelation of a previously undisclosed prior injury sustained by plaintiff. Generally, if a case is not ready for trial, the note of issue must be stricken *(Collins v Jamestown Mut. Ins. Co.,* 32 AD2d 725; *Mazzara v Town of Pittsford,* 30 AD2d 634). However, where a defendant has had ample opportunity to complete its pretrial remedies, the motion to strike can be denied *(Polsinelli v Hanover Ins. Co.,* 62 AD2d 376; *Marzello v Kiamesha Concord,* 26 AD2d 986). Each case must be analyzed upon its own facts to determine whether or not there has been reasonable opportunity to complete disclosure *(Polsinelli v Hanover Ins. Co., supra;* cf. *Irish Constr. Co. v Standard Vending Corp.,* 47 AD2d 706). The amended complaint has been served and there remains sufficient time to comply with Special Term's order for completion of discovery before trial. We find that no prejudice to defendant exists nor did Special Term so abuse its discretion as to require reversal *(Baranyk v Baranyk,* 73 AD2d 1004, 1005). Order affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.