■ GEORGE WATTS et al., Respondents, v TOWN OF GARDINER, Appellant. (Action No. 1.) PETER MADISON et al., Respondents, v TOWN OF GARDINER, Appellant. (Action No. 2.) JOHN RUGER et al., Respondents, v TOWN OF GARDINER, Appellant. (Action No. 3.) — Appeal from that part of an order of the Supreme Court at Special Term (Pennock, J.), entered November 30, 1981 in Ulster County, which denied defendant's motions to dismiss the complaints, and defendant's request for full pretrial discovery. Plaintiffs are three separate property owners in the Town of Gardiner, Ulster County, who commenced separate actions on May 25, 1979, against the Town of Gardiner arising out of the maintenance of an uncovered salt and sand pile that allegedly contaminated water wells upon their respective premises. Each complaint included separate causes of action for monetary damages and for equitable relief seeking an abatement of the nuisance and a permanent injunction. The complaints were identical, differing only in the amount of money damages sought. Plaintiffs had served identical notices of claim on or about Feburary 3, 1979. In the notices, plaintiffs stated that they first discovered the contamination of their wells in April, 1978; that protests were made to the town board shortly thereafter; and that, despite the board's promises of corrective action, the nuisance continued. Defendant's answer was served on or about June 29, 1979. Notes of issue and statements of readiness filed July 16, 1979 were later withdrawn, and then refiled on July 13, 1981. At this point, the town substituted its present attorneys who then moved to dismiss the actions for failure to serve timely notices of claim pursuant to section 50-e of the General Municipal Law; to strike the notes of issue to allow for pretrial discovery; and to consolidate the three actions in the event the motions to dismiss were denied. Special Term denied the motions to dismiss, finding that plaintiffs' actions sounded in equity, not tort, making it unnecessary to comply with the notice of claim provisions of section 50-e; ordered the three actions joined for trial; and held the notes of issue in abeyance pending defendant's demand for a bill of particulars. Defendant appeals from only so much of the order as denied its motions to dismiss and for full pretrial discovery. It is well settled that a notice of claim is not required for an action brought in equity against a municipality, where the demand for money damages is merely incidental to the requested injunctive relief and subordinate thereto (*Fontana v Town of Hempstead,* 18 AD2d 1084, affd 13 NY2d 1134; *Grant v Town of Kirkland,* 10 AD2d 474). Contrary to defendant's contention, we look not to the actual notice of claim filed, but to the complaint in determining the primary relief sought. In such analysis, we consider the complaint in the light of all its allegations and its full scope and purport (*Fontana v Town of Hempstead, supra,* p 1084). The first causes of action seek money damages representing the full value of each of the parcels affected for having been rendered unsaleable. The second causes of action seek equitable relief in the form of injunctions. Whether the demand for damages is purely incidental cannot be determined in any given situation without an examination of the statute or character provisions controlling the defendant (*Grant v Town of Kirkland,* 10 AD2d 474, 476, *supra*). Here, section 50-e of the General Municipal Law requires that a notice of claim be served in any case founded upon tort. We find the coincidental character of the money damages sought to be truly ancillary to an injunction suit, i.e., there is a continuing wrong presenting a genuine case for the exercise of the equitable powers of the court (see *Fried v Lakeland Hide & Leather Co.,* 14 Misc 2d 305). While a dispute exists as to when the salt and sand pile was removed, plaintiffs allege in their brief that "at the time of the service of the notices of claim and

the complaint, there existed a nuisance and trespass which these plaintiffs sought to enjoin". It was not unreasonable then for Special Term to conclude that plaintiffs' main objective was to prevent further contamination of their water supply. In *Sammons v City of Gloversville* (175 NY 346, 351), the court found "[w]hile this action comprehended a recovery of the damages already sustained, its demand was for equitable relief. That is its main object and the damages are, purely, incidental to the preventive relief, which is prayed for" (see, also, *Malloy v Town of Niskayuna,* 64 Misc 2d 676). Plaintiffs' complaints may be similarly characterized. The joinder of both equitable and monetary claims in one complaint supports our conclusion (see *Mazo v Town of Shawangunk,* 60 AD2d 734). Next, we find no abuse of discretion in Special Term's refusal to strike the notes of issue and grant full pretrial discovery. Generally, when a case is not ready for trial, contrary to the statement of readiness, the note of issue must be stricken (see *Polsinelli v Hanover Ins. Co.,* 62 AD2d 376; *Collins v Jamestown Mut. Ins. Co.,* 32 AD2d 725). However, where a defendant has had ample opportunity to complete its pretrial remedies, the motion to strike may be denied. Essentially, we look to the particular facts of each case in determining whether or not there has been a reasonable opportunity to complete disclosure. Although defendant moved to strike within 30 days after the notes of issue and statements of readiness were refiled and reserved (22 NYCRR 861.10 [c]), the motion was made more than *two years* after the original notes of issue were filed. During the intervening period, defendant failed to seek any pretrial disclosure. Moreover, plaintiffs' refiled statements of readiness indicated that discovery proceedings had been waived by defendant's previous counsel. Under these circumstances, we do not find that the retention of new counsel after the notes of issue were refiled constitutes a sufficiently unusual circumstance to warrant that they be stricken. Certainly defendant had ample opportunity to seek the necessary disclosure. By holding the notes of issue in abeyance pending service of a bill of particulars and, if necessary, amendment of its answer, Special Term afforded ample relief to defendant's present attorneys (see *Kinney v Kinney,* 81 AD2d 942). Finally, since defendant's notice of appeal limits the scope of its appeal to that portion of Special Term's order which denied its motions to dismiss and for full pretrial discovery, the issue of consolidation is not cognizable on this appeal (see CPLR 5515, subd 1; *Christian v Christian,* 55 AD2d 613, 614). Order affirmed, without costs. Sweeney, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.