■ OWEN SMART, Respondent, v T. E. CONKLIN BRASS & COPPER CO., INC., et al., Defendants, and SCOVILL MANUFACTURING COMPANY, Defendant and Third-Party Plaintiff-Appellant-Respondent. RUEBRO MANUFACTURING COMPANY, Third-Party Defendant-Respondent-Appellant. — In an action to recover damages for personal injuries, predicated on theories of negligence, strict products liability and breach of implied and express warranties, (1) defendant third-party plaintiff Scovill Manufacturing Company appeals from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated October 22, 1982, as denied its cross motion for a protective order vacating the notice of deposition served by third-party defendant Ruebro Manufacturing Company, dated September 14, 1982, and granted the cross motion of said third-party defendant for an order directing Scovill to comply with the aforesaid notice of deposition, and (2) third-party defendant Ruebro Manufacturing Company cross-appeals from so much of the same order, as granted plaintiff's motion to restore the action to the Trial Term Calendar. The appeal by Scovill Manufacturing Company brings up for review so much of a further order of the same court, dated February 4, 1983, as, upon reargument, adhered to the original determination with respect to Scovill's cross motion for a protective order and Ruebro's cross motion to compel compliance. Appeal by Scovill from the order dated October 22, 1982 dismissed. The portions of that order by which Scovill was aggrieved were superseded by the granting of reargument. Order dated October 22, 1982 reversed insofar as it granted plaintiff's motion to restore the case to the Trial Term Calendar and said motion is denied. Order dated February 4, 1983 reversed insofar as reviewed; upon reargument, the order dated October 22, 1982 is vacated to the extent that it denied Scovill's cross motion and granted Ruebro's cross motion, and the matter is remitted to Special Term for further proceedings with respect to the cross motions in accordance herewith. That portion of the February 4, 1983 order which granted Ruebro's cross motion to impose sanctions is vacated in light of the aforesaid determination upon reargument and the cross motion is denied. Scovill is awarded one bill of costs payable by Ruebro. Special Term erred in granting plaintiff's motion to restore the action to the Trial Term Calendar since pretrial discovery proceedings had not yet been completed (see 22 NYCRR part 675; *Martins v Korvettes Div. of Arlen Realty & Dev. Corp.*, 68 AD2d 835; *Mazzara v Town of Pittsford*, 30 AD2d 634; *Eisenberg v Eisenberg*, 16 AD2d 825). The notice of deposition served by the third-party defendant on

the third-party plaintiff is overbroad on its face. However, we are unable, on the limited record before us, to determine the proper parameters for discovery in the third-party action. We therefore remit the matter to Special Term, and direct it to fashion appropriate guidelines to limit such discovery upon submission of further proof by the parties, in accordance with a time schedule to be set by Special Term, in the interest of ensuring an expeditious resolution of the disputed issues in this litigation. Brown, J. P., Niehoff, Rubin and Boyers, JJ., concur.