■ RODNEY A. BECHER, Appellant, v J. AARON PERESS, Respondent. — In an action, *inter alia,* for rescission of certain agreements, plaintiff appeals from an order of the Supreme Court, Queens County (Goldstein, J.) dated March 6, 1984, which denied his motion to vacate or modify defendant's demand for a bill of particulars.

Order reversed, with costs, and motion granted to the extent of vacating all items requested without prejudice to the service of a proper demand for a bill of particulars.

We find defendant's demand for a bill of particulars to be so unreasonable, unnecessarily repetitious and burdensome as to constitute an abuse of the right to a bill of particulars. Accordingly, we vacate the demand in its entirety, without prejudice to the service of a proper demand (*see, Universal Metal Prods. Co. v De-Mornay Budd,* 275 App Div 575; *American Mint Corp. v Ex-Lax, Inc.,* 260 App Div 576). Mangano, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.

■ MORIC BISTRICER, Appellant, et al., Plaintiff, v J. & M. KNITTING CO., INC., et al. Respondents. — In an action to foreclose a mortgage, plaintiff Bistricer appeals (1) from an order of the Supreme Court, Nassau County (Pantano, J.), dated February 27, 1984, which denied his motion to strike the action from the Trial Calendar and (2) from an order of the same court, dated June 6, 1984, which denied his motion to renew.

Orders affirmed, with one bill of costs.

Under the circumstances of the case, which was commenced over seven years ago, appellant had ample time to complete discovery and, therefore, Special Term's refusal to strike the action from the Trial Calendar was not an abuse of discretion (*see, Hutchins v Wand,* 82 AD2d 928; *Polsinelli v Hanover Ins. Co.,* 62 AD2d 376). Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.