■ ANDREW EASLEY et al., Respondents, v DOROTHY VAN DYKE et al., Defendants, and LORRAINE E. THOMPSON, Appellant. — Levine, J.

The parties herein were involved in a three-car collision in June 1980. The instant action sounding in negligence was first commenced in January 1983. Subsequently, one or more defendants have canceled scheduled examinations before trial at least six times. On January 27, 1984, plaintiffs filed a note of issue and statement of readiness. Defendant Lorraine Thompson then filed a motion to strike the note of issue on the ground that discovery had not been completed. Special Term denied this motion. We affirm.

Generally, when discovery proceedings have not been completed, the note of issue must be stricken (*see, Polsinelli v Hanover Ins. Co.,* 62 AD2d 376). However, where the defendants

have had sufficient opportunity to complete discovery and have failed to do so, the court may, in its discretion, deny a motion to strike the note of issue (*Watts v Town of Gardiner,* 90 AD2d 615, 616). In the instant matter, the record supports Special Term's finding that six examinations before trial have been scheduled and subsequently adjourned by defendants. Further, the injured plaintiff has been examined by defendants' physician and medical reports have been furnished to defendants. It cannot, therefore, be said that Special Term abused its discretion in denying the motion to strike (*see, Wahrhaftig v Space Design Group,* 33 AD2d 953, 954).

Defendant Thompson contends that this action was stayed from August 15, 1983, the date of an order directing plaintiffs to file an undertaking for court costs, until December 8, 1983, the date the undertaking was filed (CPLR 8502). Defendant Thompson argues that she was excused from the obligation of submitting to an examination before trial during this period. However, only two of the six canceled examinations were scheduled to take place during this time period. CPLR 8502 cannot therefore be invoked to excuse the remaining adjournments.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.