■ BYCOMP, INC., Respondent, v NEW YORK RACING ASSOCIATION, INC., Appellant.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered October 31, 1984 in Greene County, which, inter alia, denied defendant's motion to strike the note of issue.

The instant breach of contract litigation was commenced by service of a summons and complaint on November 23, 1983. An answer containing a counterclaim was served on or about December 30, 1983. A reply to the counterclaim was received by defendant on or about January 5, 1984. A bill of particulars was served on defendant in early June 1984. Discovery of certain documents was thereafter completed and, on August 2, 1984, plaintiff filed a note of issue and statement of readiness.

Defendant moved to strike the note of issue and remove the case from the Trial Calendar, arguing that it had not had time to complete its discovery. Special Term denied defendant's motion and set time limits within which defendant could complete an examination before trial and other discovery. The order also provided that the trial was in no event to be delayed beyond 60 days from the date of its decision. Defendant appeals from that order.

The general rule is that if a case is not ready for trial, the note of issue must be stricken (Collins v Jamestown Mut. Ins. Co., 32 AD2d 725). However, where a party has had ample time to complete disclosure, the motion can be denied (Hutchins v Wand, 82 AD2d 928; Kinney v Kinney, 81 AD2d 942). Here, defendant had adequate time to conduct disclosure and Special Term set reasonable time limits for completion of any desired discovery in its order. Defendant has failed to show that Special Term abused its discretion or that it has been prejudiced. The order should therefore be affirmed.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur.

Main, J., dissents and votes to reverse in the following memorandum. Main, J. (dissenting). I would respectfully dissent. I am unable to conclude, as does the majority, that defendant has had ample opportunity for discovery. We have long held that the statement of readiness rule (22 NYCRR 861.10) must be strictly enforced (see, Didziulis v Callanan Indus., 52 AD2d 669; Cassidy v Kolonsky, 37 AD2d 880). While

this motion is addressed to the court's discretion and Special Term has provided for the discovery procedures to be completed within appropriate time restraints, nonetheless, failure to strike the note of issue effectively grants plaintiff a preference over pending cases properly noticed. No unusual factors are demonstrated warranting such action, and the motion to strike the note of issue should have been granted. I would therefore reverse Special Term's order.