■ GEORGE E. SIMMONS, Also Known as PAT SIMMONS, et al., Appellants, v JOHN V. G. KEMBLE, III, Respondent.—Mahoney, P. J. Appeal from that part of an order of the Supreme Court (Bradley, J.), entered April 20, 1988 in Ulster County, which denied plaintiffs' motion to strike a note of issue filed by defendant.

This action pursuant to RPAPL articles 5 and 15 was commenced by service of a summons and complaint on December 11, 1986. An answer and counterclaim was served on December 24, 1986. A reply to the counterclaim was served shortly thereafter. On December 26, 1986, defendant demanded a bill of particulars and noticed an oral deposition of plaintiffs for January 1987. Plaintiffs did not appear at the deposition and did not move to vacate or modify the notice or to seek an adjournment. Finally, when plaintiffs did not comply with the demand for a bill of particulars, despite requests for compliance by telephone and letter, defendant moved for an order of preclusion. Plaintiffs' attorney consented to a 30-day conditional order of preclusion, which was entered in July 1987. A bill of particulars was then served. During the next five months, plaintiffs made no discovery requests.

A preliminary conference before the assigned Justice was held in January 1988, wherein the court directed defendant to place this matter on the Trial Calendar. Accordingly, defendant filed a note of issue and statement of readiness on January 27, 1988. In February 1988, plaintiffs moved, *inter alia,* to strike the note of issue. Supreme Court denied this request and plaintiffs appeal.

The general rule is that the note of issue must be stricken if a case is not ready for trial (see, e.g., Collins v Jamestown Mut. Ins. Co., 32 AD2d 725). But, where there has been sufficient time to complete disclosure, the motion to strike can be denied (see, e.g., Bycomp, Inc. v New York Racing Assn., 116 AD2d 895). Here, the action was commenced on December 11, 1986 and issue was joined December 24, 1986. Discovery was promptly commenced by defendant's service on December 26, 1986 of a demand for a bill of particulars and notice to take plaintiffs' deposition. Thirteen months elapsed from the date issue was joined until defendant filed the note of issue as directed by Supreme Court. During that extended period plaintiffs took no steps to further their discovery and failed to comply with defendant's discovery demands until ordered to do so by conditional order of preclusion. In our view plaintiffs had adequate time to conduct disclosure and their lack of diligence in pursuing their lawsuit does not constitute a special, unusual or extraordinary circumstance which would justify striking a note of issue (see, e.g., Laudico v Sears, Roebuck & Co., 125 AD2d 960, 961).

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.