Lisa I. v Manikas (2020 NY Slip Op 06421)





Lisa I. v Manikas


2020 NY Slip Op 06421


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

529711

[*1]Lisa I., Individually and as Parent and Guardian of N.Y., an Infant, Respondent,
v
Allan Manikas et al., Appellants, et al., Defendant.

Calendar Date: September 10, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Hagelin Spencer LLC, Buffalo (Megan F. Organek of counsel), for appellants.
Cooper Erving & Savage LLP, Albany (Carlo A.C. de Oliveira of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Burns, J.), entered July 15, 2019 in Otsego County, which, among other things, denied a motion by defendants Allan Manikas and Melissa Manikas to strike the note of issue.
In May 2016, plaintiff's 14-year-old daughter (hereinafter the child) attended a sleepover at a friend's house. The house was owned by the friend's parents, defendants Allan Manikas and Melissa Manikas (hereinafter collectively referred to as defendants). During the night, the child was allegedly raped by an adult male relative of defendants. The complaint alleges that defendants permitted the friend and the child to sleep in the relative's bedroom, wherein the relative provided alcohol and marihuana to the child. After the friend fell asleep, the relative allegedly sexually assaulted the child. In May 2018, plaintiff, individually and as parent of the child, commenced this action asserting five causes of action — premises liability negligence, negligent supervision, loss of services, battery and intentional infliction of emotional distress. Defendants answered, asserting several affirmative defenses and a counterclaim for slander and libel.
Following a conference with the attorneys, Supreme Court issued a January 2019 scheduling order establishing the following deadlines: (1) discovery to be completed by February 4, 2019; (2) depositions to be completed by March 31, 2019; (3) independent medical examinations to be scheduled by April 30, 2019; and (4) a trial note of issue to be filed by June 3, 2019. On April 2, 2019, Supreme Court issued an additional order that extended the deadline for depositions and directed that the child's deposition be conducted on April 22, 2019 and that all other party depositions be completed by April 26, 2019. Plaintiff filed a note of issue on June 3, 2019, in accordance with the original scheduling order. The following day, defendants sent a letter to Supreme Court enclosing judicial subpoenas for the depositions of three nonparty witnesses. On June 5, 2019, defendants sent plaintiff subpoenas to depose five additional nonparty witnesses.
Thereafter, defendants moved to strike the note of issue and, for the first time, requested an extension of the original scheduling order, arguing that discovery was incomplete because of pending motions concerning the continued deposition of the child. Defendants additionally argued that they were "in the process of serving various nonparty witnesses for depositions" scheduled for the first two days of July 2019, and that a medical examination of the child was "possibly" needed. Plaintiff then filed an order to show cause for a protective order seeking to quash the nonparty subpoenas pursuant to CPLR 3103 (a), claiming that post-note of issue discovery was unauthorized. Plaintiff further moved for leave to amend the complaint to plead "one or more exemptions" set forth in CPLR 1601 or 1602, contending that defendants' conduct "amounted to gross negligence, recklessness and wanton disregard for the safety" of the child.
Supreme Court issued an order refusing to strike the note of issue, but at the same time allowing for the continuation of the child's deposition, provided such continuation took place within 45 days and was limited to five hours. In making that provision, the court found that it was unnecessary to strike the note of issue, as the child's deposition "represents a mere continuation of discovery already commenced."[FN1] Additionally, the court granted plaintiff's motion for a protective order quashing the subpoenas as "the witnesses were known for as many as eight months, the scheduling order directed depositions to be completed by March 31, 2019, and any attempts to extend the deadlines by which those depositions were to be completed should have been made long before the filing of the note of issue." Lastly, Supreme Court permitted plaintiff to amend the complaint, finding that "the original complaint satisfied the pleading requirements of CPLR 1603 and there was no prejudice to defendants." Defendants appeal.
Defendants assert that Supreme Court abused its discretion in denying their motion to strike the note of issue and in granting plaintiff's motion to quash the nonparty subpoenas because the child's deposition was not complete and those of multiple nonparty witnesses had not yet occurred. "While a note of issue will generally be stricken if the case is not ready for trial, the motion to strike can be denied where the parties had sufficient time to complete discovery" (Kropp v Town of Shandaken, 91 AD3d 1087, 1091-1092 [2012] [internal quotation marks and citations omitted]). "To vacate the note of issue, discovery requests must be legitimate and pending" (Ireland v GEICO Corp., 2 AD3d 917, 918 [2003] [emphasis added; citation omitted]). Although this case involves a condensed time frame in which to complete discovery, the scheduling order was issued by Supreme Court after consultation with the parties. It is undisputed that defendants had knowledge of the identity of five of the nonparty witnesses as early as August 2018 and yet, as of the date that the note of issue was to be filed, subpoenas had not been served. Admittedly, the identities of the remaining three nonparty witnesses were learned after the deadline to complete depositions; however, this was still more than a month prior to the note of issue deadline. Defendants had an opportunity to complete discovery and failed to take appropriate measures to extend the deadlines to complete nonparty depositions and schedule a medical examination. As such, Supreme Court properly exercised its discretion both in denying defendants' motion to strike the note of issue and in granting plaintiff's motion to quash the subpoenas (see Kozuch v Certified Ambulance Group, 301 AD2d 840, 841 [2003]; Easley v Van Dyke, 110 AD2d 967, 967-968 [1985]; Hutchins v Wand, 82 AD2d 928, 928 [1981]).
Defendants also contend that Supreme Court erred in allowing plaintiff to amend the complaint because the facts contained in the pleadings and elicited through discovery are insufficient to support the proposed amendment. "A party may amend his or her pleading . . . by setting forth additional or subsequent transactions or occurrences, at any time by leave of court" (CPLR 3025 [b]). "[T]he movant need not establish the merits of the proposed amendment and, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 161 AD3d 1263, 1265-1266 [2018] [internal quotation marks and citations omitted]). "[T]he fact that the motion comes after [a] plaintiff filed her [or his] note of issue does not of necessity call for its denial" (Smith v Industrial Leasing Corp., 124 AD2d 413, 415 [1986]). "[T]he decision whether to grant leave to amend pleadings rests within the trial court's sound discretion and[,] absent a clear abuse of discretion, will not be lightly cast aside" (Bynum v Camp Bisco, LLC, 155 AD3d 1503, 1504 [2017] [internal quotation marks and citations omitted]).
The original complaint contains causes of action for premises liability, negligent supervision, loss of services, battery and intentional infliction of emotional distress. As to the premises liability claim, plaintiff alleges that defendants' conduct amounted to "gross negligence, recklessness and wanton disregard for the safety of the child." Under the battery claim, plaintiff asserts that defendants' relative "knowingly, intentionally, recklessly, and without justification[,] defense, or consent . . . drugged, physically assaulted, sexually assaulted, and raped" the child. Here, plaintiff seeks to amend the complaint by adding the following language under the premises liability and battery causes of action: "Plaintiff[] allege[s] that one or more exemptions set forth in [1601] or [1602 of the CPLR] applies." Article 16 of the CPLR modifies the rule that each tortfeasor is jointly and severally liable to the plaintiff for the full amount of the plaintiff's damages. The purpose of this article is to limit the defendant's liability to his or her apportioned share of fault. An exception exists for injuries caused by the reckless disregard for the safety of others (see CPLR 1602 [7]).
Courts, when considering applications to amend pleadings, are given the widest possible latitude in allowing such amendments (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). Here, defendants cannot claim surprise as plaintiff previously alleged reckless disregard for the safety of others. Further, defendants failed in their burden of showing prejudice (see Caceras v Zorbas, 74 NY2d 884, 885 [1989]). As such, plaintiff did not have to establish the merits of the proposed amendments (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [2017]). Therefore, we decline, under the circumstances, to disturb the sound exercise of Supreme Court's discretion in granting plaintiff's motion to amend the complaint.
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED the order is affirmed, with costs.



Footnotes

Footnote 1: "Trial courts are authorized, as a matter of discretion, to permit post-note of issue discovery without vacating the note of issue, so long as neither party will be prejudiced" (Cabrera v Abaev, 150 AD3d 588, 588 [2017] [internal quotation marks and citation omitted]). The child's deposition took place on April 22, 2019; however, the deposition was not completed. The parties contacted Supreme Court that day seeking permission to conclude the child's deposition. The parties' dispute as to the completion of the child's deposition was ongoing and began long before the note of issue was filed (see Kanaly v DeMartino, 162 AD3d 142, 145 [2018]). Neither party will be prejudiced by having the child's deposition completed post-note of issue (see Suarez v Shapiro Family Realty Assoc., LLC, 149 AD3d 526, 527 [2017]).