**Travelers Prop. Cas. Co. of Am. v Vema Group, LLC**

2025 NY Slip Op 32336(U)

July 1, 2025

Supreme Court, New York County

Docket Number: Index No. 161411/2019

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: __HON. ARLENE P. BLUTH__ | PART            **14** |
| *Justice* | |

-------------------------------------------------------------------------------X

THE TRAVELERS PROPERTY CASUALTY COMPANY OF
AMERICA, AS SUBROGEE OF WESTSIDE RADIOLOGY
ASSOCIATES PC,MID-ROCKLAND IMAGING PARTNERS
INC.,KEY EQUIPMENT FINANCE, A DIVISION KEY BANK
NATIONAL ASSOCIATION,

                          Plaintiff,

                      - v -

VEMA GROUP, LLC,1790 BROADWAY ASSOCIATES,
LLC,GOODHOPE MANAGEMENT CORP., BROADWAY,
IONIAN MANAGEMENT INC.,NORDSTROM, INC.,JONES
LANG LASALLE AMERICAS, INC.,LIBERTY
CONTRACTING CORP., KETCHAM PUMP COMPANY,
INC.,FIRE SAFETY ALARMS, INC, LLC,CONTROLLED
COMBUSTION CO., INC.,JOHN DOES 1-3,

                         Defendants.

| INDEX NO. | 161411/2019 |
|---|---|
| MOTION DATE | 06/23/2025 |
| MOTION SEQ. NO. | 014 |

**DECISION + ORDER ON
MOTION**

-------------------------------------------------------------------------------X

1790 BROADWAY ASSOCIATES, LLC, GOODHOPE
MANAGEMENT CORP.

                         Plaintiff,

                    -against-

BROADWAY 57TH/58TH RETAIL INVESTOR, LLC, JT
MAGEN & COMPANY, INC., LIBERTY CONTRACTING
CORP., SAFWAY ATLANTIC, LLC, EXCALIBUR GROUP,
LLC, JONES LANG LASALLE, INC., KETCHAM PUMP
COMPANY, INC., FIRE SAFETY ALARMS, INC.,
CONTROLLED COMBUSTION CO., INC., JOHN DOE 1-10,
(BEING FICTITIOUS ENTITIES)

                         Defendant.

Third-Party
Index No.  596092/2020

-------------------------------------------------------------------------------X

IONIAN MANAGEMENT INC.

                         Plaintiff,

                    -against-

GOODHOPE MANAGEMENT CORP.

Second Third-Party
Index No.  595912/2022

**161411/2019  TRAVELERS PROPERTY vs. VEMA GROUP, LLC**          **Page 1 of 6**
**Motion No.  014**

[* 1]

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 014) 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 529 were read on this motion to/for            VACATE/STRIKE - NOTE OF ISSUE            .

Defendant Liberty Contracting Corp.'s ("Liberty") motion to strike the note of issue is denied.

**Background**

In this subrogation action, this Court issued an order dated November 19, 2024 in which it directed that a note of issue be filed by December 3, 2024 (NYSCEF Doc. No. 453). The Court observed that the parties had ignored a prior Court order that set a November 18, 2024 deadline for the parties to update the Court about the status of discovery (*id.*). When the parties uploaded nothing, the Court assumed that all discovery was completed, particularly because the parties had entered into a stipulation dated March 5, 2024 that set a deadline of August 15, 2024 for all depositions to be completed (NYSCEF Doc. No. 441). Plaintiff then filed a note of issue on December 2, 2024 (NYSCEF Doc. No. 469).

This Court subsequent vacated this note of issue in a decision dated January 8, 2025 (NYSCEF Doc. No. 486). In that decision, the Court set a new note of issue deadline of April 30, 2025 and plaintiff filed the note of issue on May 1, 2025 (NYSCEF Doc. No. 500). Liberty did not participate in that prior motion practice.

Liberty now moves to strike the note of issue on the ground that it is awaiting discovery responses to a demand dated May 10, 2021 (NYSCEF Doc. No. 505) as well as *inter alia* insurance information and a demand dated April 26, 2023.

**161411/2019   TRAVELERS PROPERTY vs. VEMA GROUP, LLC**
**Motion No.  014**

**Page 2 of 6**

2 of 6

[* 2]

Defendants Nordstrom, Inc., Broadway 57th/58th Retail Investor, LLC, Jones Lang LaSalle Americas Inc and third-party defendant J.T. Magen & Company (collectively, "Opposing Defendants") contend that they responded to many of the outstanding demands on July 18, 2024 and that the rest of the responses were sent on June 2, 2025. They insist that all responses have now been turned over.

Plaintiff opposes and points out that most of the demands Liberty complains about are from June 2021 and April 2023. It emphasizes that Liberty did not make a discovery motion prior to the filing of the first note of issue in December 2024 or prior to deadline for the filing of the second note of issue. Plaintiff points out that Liberty did not join in the first motion to strike the note of issue filed by other defendants.

In reply, Liberty contends that there are still outstanding demands and observes that none of the other defendants have opposed the portion of the motion to strike the note of issue (these defendants merely insist they have responded). Liberty claims it would be unjust and unfair if it were unable to obtain this discovery prior to summary judgment motions or a possible trial.

**Discussion**

The Court denies the motion. As an initial matter, the Court emphasizes that the timeline of the demands raised by Liberty in this motion at best evince an utter lack of interest in moving this case forward and at worst show a scheme to delay. Despite Liberty's demands remaining outstanding for years, various discovery orders noticeably omitted any specific mention of these demands. For instance, so-ordered stipulations from May 2023 and August 2023 make no mention of any of Liberty's demands (NYSCEF Doc. Nos. 386, 396) even though Liberty signed off on those stipulations.

161411/2019   TRAVELERS PROPERTY vs. VEMA GROUP, LLC                    Page 3 of 6
 Motion No.  014

3 of 6

[* 3]

The only Court order Liberty relies upon is from March 2024 and, while it mentions Liberty's outstanding demands, it also includes the vague phrase "To [the] extent not responded" (NYSCEF Doc. No. 506). In other words, it required parties to respond to the extent they had not responded already.

This part's rules specifically warn against the inclusion of such language because it makes this directive toothless. It necessarily requires a separate inquiry as to whether some party may have previously responded to some, or all, of the demands. Attorneys should know what they have received at the time of a conference. In any event, this ambiguous directive required responses by April 5, 2024. There is no indication in Liberty's moving papers why it did nothing for more than a year following this deadline to obtain responses to these demands. During that intervening time, there were not one, but *two* notes of issues filed and a motion to vacate the first note of issue. The failure to promptly seek these responses compels the Court to deny the instant motion. "While a note of issue will generally be stricken if the case is not ready for trial, the motion to strike can be denied where the parties had sufficient time to complete discovery" (*Lisa I. v Manikas*, 188 AD3d 1369, 1371, 135 NYS3d 192) [3d Dept 2020] [internal quotations and citation omitted]).

Moreover, Liberty did not adequately describe what items are actually outstanding on this record. In its reply, Liberty claims that "All parties should be compelled to provide the full primary and excess policies" (NYSCEF Doc. No. 529 at 7). But the Opposing Defendants attached a response dated *July 2024* that specifically addresses the applicable insurance policies (NYSCEF Doc. No. 510 at 8 of 13). That the reply does not bother to address this issue raises questions about what, if anything, remains outstanding. Defendant CC Controlled Combustion

also included a very belated response about its insurance coverage (NYSCEF Doc. No. 528) prior to Liberty's reply.

The Court also observes that Liberty complains about not being included at a site inspection that occurred more than seven years ago in January 2018 (it appears that this inspection happened in connection with a separate action in which Liberty was not named as a party). Liberty claims that it has not received anything in response to its demands about the site inspection. However, the Opposing Defendants addressed the site inspection demands in its July 2024 response (NYSCEF Doc. No. 510 at 9 of 13). Similar to the insurance issue, Liberty argues in reply that "all parties who attend the site inspection of the property . . . owe Liberty Contracting Corp. discovery from the site inspection" (NYSCEF Doc. No. 529, ¶ 4). This assertion is contradicted by the inclusion of the aforementioned response from the Opposing Defendants.

The branch of Liberty's motion that seeks to stay this case and to extend the time for summary judgment motions is denied.

**Summary**

The Court denies the instant application for several reasons. Liberty's delay in seeking these demands, even after depositions occurred, compels the conclusion that there is no need to strike the note of issue. Liberty had ample opportunity to seek this discovery and, for some reason, waited until after plaintiff filed multiple notes of issues (and after a prior motion to vacate the note of issue) to finally seek responses to paper discovery demands from years ago. The Court has no idea whether this delay is due to poor case management or part of some tactic to drag out this case indefinitely, but the fact is that this case has now been pending for nearly six years. And it arises out of purported water leaks that occurred in 2017 and 2018.

161411/2019 TRAVELERS PROPERTY vs. VEMA GROUP, LLC Page 5 of 6
Motion No. 014

5 of 6

[* 5]

It is long past time for this case to proceed to dispositive motions and towards a resolution. The longer this case lingers, the more witnesses' memories fade and the more difficult it becomes for all parties to litigate this case. This is not a situation in which the parties recently learned about an additional witness or some other critical discovery issue. Instead, the record shows that Liberty served demands and then did almost nothing about that discovery until years and years later. That lack of interest suggests these demands were not that important and it is wholly unfair to make plaintiff file yet another note of issue because of Liberty's reticence to pursue its defenses.

Accordingly, it is hereby

ORDERED that the instant motion to strike the note of issue is denied in its entirety.

| 7/1/2025 | | | ARLENE P. BLUTH, J.S.C. |
| DATE | | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

161411/2019   TRAVELERS PROPERTY vs. VEMA GROUP, LLC
Motion No.  014

Page 6 of 6

6 of 6

[* 6]