■ MICHAEL D. PADULA, as Administrator of the Estate of MICHAEL A. PADULA, Deceased, Respondent, v COUNTY OF TOMPKINS, Appellant. [756 NYS2d 664] —Crew III, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered June 29, 2001 in Tompkins County, which denied defendant's motion for summary judgment dismissing the complaint.

On November 17, 1996, the City of Ithaca Police Department received a call from Bangs Ambulance Service requesting po-

lice assistance regarding a disturbance at an apartment occupied by Deborah Stagg, a voluntary outpatient at the Tompkins County Mental Health Clinic. Police officers arrived at Stagg's apartment, which was found to be locked, and attempted to talk her into voluntarily coming out of the apartment. Ultimately, the police had to force their way into the apartment, whereupon they discovered that Stagg had locked herself in the bathroom. Investigator Michael A. Padula (hereinafter decedent), who was acquainted with Stagg, approached the bathroom door and attempted to talk Stagg into surrendering. When the door suddenly opened, Stagg lunged at decedent with a knife and fatally stabbed him in the neck.

As a consequence, plaintiff, as administrator of decedent's estate, commenced this action against defendant alleging that defendant was negligent in, inter alia, failing to adequately monitor and treat Stagg and failing to insure that decedent had timely access to available information regarding Stagg's mental condition. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the grounds that it owed no duty to decedent, its actions were not the proximate cause of decedent's death, defendant's conduct was the result of the legally protected exercise of medical judgment and the cause of action was barred by the "firefighters rule." Finding issues of material fact with respect to a breach of duty and proximate cause, Supreme Court denied defendant's motion, prompting this appeal.

Initially, we reject defendant's contention that it owed no duty to decedent. It is well established that where, as here, a municipality engages in a proprietary function, such as providing psychiatric care, it is held to the same duty of care as private institutions engaging in the same activity (*see Schrempf v State of New York*, 66 NY2d 289, 294 [1985]). Here, defendant was providing mental health services to Stagg as an outpatient and, as such, was engaged in a proprietary function. And while defendant's duty to prevent Stagg from harming others was more limited because of her status as a voluntary outpatient, as opposed to being confined to a mental institution (*see id.* at 296), it nonetheless was bound to properly monitor Stagg and take whatever reasonable steps were available to prevent her from harming others.

In this regard, the record reflects that Stagg had been a participant in the Tompkins County Mental Health Department's program since the early 1970s. The record further reveals that two weeks prior to the incident in question, Stagg's case manager, Deborah Horton, advised Terence Garahan, the

supervisor of the County Health Department, that Stagg was acting inappropriately while shopping at a local grocery store in that she was swearing and stating that she no longer was going to take her medication. As a consequence, Garahan drove to the parking lot of the grocery store in question, observed Stagg from his car for a few minutes and drove away, concluding that Stagg was not in need of any treatment. Additionally, the record indicates that Stagg was medicated on a weekly basis and she received her last dosage, prior to the incident in question, on October 28, 1996. The record further reflects that a failure to follow Stagg's medication regimen would trigger a decompensated state resulting in aggressive and assaultive behavior.

Finally, contrary to defendant's assertion, Mental Hygiene Law § 9.45 provides that a director of community services or the director's designee is authorized to direct law enforcement officials to take a patient into custody for emergency psychiatric services where that person has a mental illness for which immediate care is appropriate and such person is likely to cause serious harm to herself or others. In fact, the record discloses that Garahan previously had arranged for numerous such involuntary admissions of Stagg, the last of which was on September 4, 1996. Accordingly, Supreme Court was correct in holding that there were material issues of fact for resolution by a jury respecting both breach of duty and proximate cause, thereby precluding a grant of summary judgment.

With respect to defendant's contention that it cannot be held liable to plaintiff by reason of errors in medical judgment exercised after careful examination of Stagg, we disagree. To the extent that defendant relies upon that doctrine with regard to its clinic's supervisor, we need note only that there is a question of fact as to whether his driving to a grocery store's parking lot and observing Stagg from his car at a distance before driving away may be considered an exercise of judgment after careful examination of the patient. Moreover, there remains a question of fact as to whether Garahan was qualified to make such a judgment, a matter that must abide the trial of this case.

Finally, we reject defendant's contention that plaintiff's claim is precluded because decedent's injuries resulted from the "special risks" inherent in the duties of a police officer (*see Santangelo v State of New York*, 71 NY2d 393 [1988]). The so-called firefighter's rule is inapplicable here by reason of General Obligations Law § 11-106 (1), which provides that a police officer may seek recovery and damages for on-duty injuries

caused by the negligence of *any* person or entity other than that police officer's employer or co-employee. Accordingly, Supreme Court's order must be affirmed.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.