■ NEW DIMENSION SOLUTIONS, INC., Respondent-Appellant, and CHRIS FLYNN, Appellant, v SPEARHEAD SYSTEM CONSULTANTS (US), LTD., Appellant-Respondent, and ELIZABETH VERMEULEN, Respondent, et al., Defendant. [814 NYS2d 96]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered February 2, 2005, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss for legal insufficiency the entire complaint except for the first cause of action, unanimously modified, on the law, the remaining cause of action also dismissed, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The complaint is too vague and confusing to have apprised defendant Spearhead sufficiently of the occurrences plaintiff New Dimension Solutions (NDS) intended to prove and the material elements of each cause of action (CPLR 3013). It is unclear whether NDS is basing its claim on breach of contract or on a diversion of funds by tortious interference with its rights in the assigned accounts. Additionally, it cannot be ascertained whether the funds Spearhead allegedly diverted belonged to NDS or "THISCO," another entity to which Spearhead was obligated. As for plaintiffs' claim, in their bill of particulars, that "Spearhead instructed clients to change their remittance and electronic funds transfer destinations," the complaint fails to set forth the manner and content of those instructions, how they violated NDS's rights, or whether they were provided in such a manner as to prevent NDS from exercising its rights to the receivables it allegedly acquired by assignment.

Likewise, NDS has set forth nothing to undermine the court's reasoning in dismissing the claim by plaintiff Flynn against Spearhead. When plaintiffs asserted in their bill of particulars that debt up to $20,000 had been paid down, they never alleged whether it was NDS or Flynn that paid it. In any event, plaintiffs never alleged what Flynn had guaranteed or any specific actions either Spearhead or THISCO had taken to prompt Flynn's payment.

The complaint fails to state a cause of action against defendant Vermeulen individually, since there was no claim that she exercised control over Spearhead. Accordingly, although a complaint should be liberally construed on a motion to dismiss for failure to state a cause of action (CPLR 3026), and plaintiffs are entitled to every favorable inference, this complaint does not sufficiently apprise Spearhead and Vermeulen of the claims against them to enable them to prevent surprise in defending the action (*see Cole v Mandell Food Stores,* 93 NY2d 34, 40 [1999]). Concur—Tom, J.P., Marlow, Gonzalez, Catterson and Malone, JJ.