■ VICTORIA T. ENTERPRISES, INC., Doing Business as GEORGETOWN SQUARE WINE & LIQUOR, Appellant, v CHARMER INDUSTRIES, INC., et al., Respondents, et al., Defendant. [881 NYS2d 570]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered July 29, 2008 in an action for damages for, inter alia, alleged violations of the Donnelly Act and the Alcoholic Beverage Control Law. The order, insofar as appealed from, granted the motion of defendants-respondents to dismiss the amended complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages allegedly "arising out of defendants' long-standing deceptive pricing practices, unfair trade and monopolistic business practices" in the wine and liquor industry. Plaintiff appeals from an order that, inter alia, granted the motion of defendants-respondents (defendants) to dismiss the amended complaint against them. We affirm. Contrary to plaintiff's contention, Supreme Court properly granted that part of the motion to dismiss the causes of action based on alleged violations of the Donnelly Act (General Business Law § 340 *et seq.*) and the Alcoholic Beverage Control Law for failure to state a cause of action. The majority of the allegations in the amended complaint contain no more than a vague and conclusory repetition of the statutory language without reference to date, time or place, and thus the allegations are insufficiently particular to state a cause of action under either of those statutes (*see* CPLR 3013; *see generally Cole v Mandell Food Stores*, 93 NY2d 34, 40 [1999]; *New Dimension Solutions, Inc. v Spearhead Sys. Consultants [US], Ltd.*, 28 AD3d 260 [2006]; *Fowler v American Lawyer Media*, 306 AD2d 113 [2003]).

The sole allegation in the amended complaint that refers to a specific defendant and an arguably specific event is that defen-

dant Service-Universal Distributors, Inc. (Service-Universal) "had a virtual monopoly on the sale of Absolut[ ] vodka, the largest volume vodka import in the United States at the time[, and that Service-Universal] would often tie in the sale of . . . a less popular brand[ ] to the sale of Absolut[ ], in violation of New York Law." We conclude however, that plaintiff did not thereby state a cause of action pursuant to the Donnelly Act. Tying arrangements are prohibited "when the seller has some special ability-usually called market power-to force a purchaser to do something that he would not do in a competitive market" (*Illinois Tool Works Inc. v Independent Ink, Inc.*, 547 US 28, 36 [2006] [internal quotation marks omitted]). Thus, although "some such arrangements are still unlawful, such as those that are the product of a true monopoly or a marketwide conspiracy . . . , that conclusion must be supported by proof of power in the relevant market rather than by a mere presumption thereof" (*id.* at 42-43). Allegations that a seller controls a specific brand of a product are insufficient to establish that the seller has market power (*see generally Sheridan v Marathon Petroleum Co. LLC*, 530 F3d 590, 595 [2008]; *Re-Alco Indus., Inc. v National Ctr. for Health Educ., Inc.*, 812 F Supp 387, 392 [1993]), and the amended complaint otherwise fails to allege that Service-Universal or any defendant had the power to control the wine and liquor market. Indeed, with respect to the alleged causes of action for violation of the Donnelly Act, we conclude that the amended complaint merely alleges, in various forms, that plaintiff's competitors were offered a better wholesale price than that offered to plaintiff. Although "plaintiff may have been deprived of certain [profits] as a result of [defendants'] practice[s], [those] losses are clearly not tantamount to injury to competition in the market as a whole and thus do not constitute a cognizable claim under the Donnelly Act" (*Benjamin of Forest Hills Realty, Inc. v Austin Sheppard Realty, Inc.*, 34 AD3d 91, 97 [2006]).

We reject the further contention of plaintiff that it has a private right of action pursuant to the Alcoholic Beverage Control Law and the regulations adopted pursuant thereto. The statute and regulations do not expressly provide for a private right of action, and thus a private right of action is permitted only in the event that it may fairly be inferred from the legislative history (*see Sheehy v Big Flats Community Day*, 73 NY2d 629, 633 [1989]). In determining whether such a right may be fairly inferred, "the essential factors to be considered are: (1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose;

and (3) whether creation of such a right would be consistent with the legislative scheme" (*id.*; *see CPC Intl. v McKesson Corp.*, 70 NY2d 268, 276 [1987]; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 324-325 [1983]; *Niagara Mohawk Power Corp. v Testone*, 272 AD2d 910, 911 [2000]; *see also McLean v City of New York*, 12 NY3d 194, 200 [2009]). Contrary to plaintiff's contention, we conclude that no private right of action may be inferred from the legislative history of the Alcoholic Beverage Control Law. "The Legislature enacted the [Alcoholic Beverage Control] Law to promote temperance in the consumption of alcoholic beverages and to advance 'respect for [the] law' " (*DJL Rest. Corp. v City of New York*, 96 NY2d 91, 96 [2001]; *see* Alcoholic Beverage Control Law § 2). "[I]t would be inappropriate for [this Court] to find another enforcement mechanism beyond the statute's already 'comprehensive' scheme . . . [and, c]onsidering that the statute gives no hint of any private enforcement remedy for money damages, we will not impute one to the lawmakers" (*Mark G. v Sabol*, 93 NY2d 710, 720-721 [1999]). Present—Smith, J.P., Centra, Peradotto, Green and Gorski, JJ.