Hilarion-Mahotiere v Metz (2020 NY Slip Op 04929)





Hilarion-Mahotiere v Metz


2020 NY Slip Op 04929


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-05220
 (Index No. 512457/16)

[*1]Huguette Hilarion-Mahotiere, plaintiff-respondent,
v
Arianna Metz, appellant, Jean Evens, defendant- respondent, et al., nonparty-respondents.


Russo & Tambasco, Melville, NY (Susan J. Mitola of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Arianna Metz appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated February 28, 2018. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 602(a) to consolidate the instant action with an action entitled Volcin v Metz, pending in the same court under Index No. 513926/16, an action entitled House v Nelson, pending in the same court under Index No. 520686/16, and an action entitled Brown v Metz, pending in the same court under Index No. 509460/17.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2016, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when the automobile she was driving was struck by a vehicle owned by the defendant Arianna Metz and operated by the defendant Jean Evens Cadet. In an order dated February 28, 2018, the Supreme Court consolidated, "for all purposes," three other actions which arose out of the same automobile collision (hereinafter the consolidated action). However, the court denied that branch of Metz's motion which was pursuant to CPLR 602(a) to consolidate the instant action with the three other actions, and Metz appeals from that determination.
A motion to consolidate actions pursuant to CPLR 602(a) rests in the sound discretion of the trial court (see Lansky v Bate, 132 AD3d 737, 738; J & A Vending, Inc. v. J.A.M. Vending, Inc., 268 AD2d 505, 506). In this case, the plaintiff had been awarded summary judgment on the issue of liability and the action was to proceed to a trial on the issue of damages only, whereas liability had yet to be determined in the consolidated action (cf. Castro v Malia Realty, LLC, 177 AD3d 58, 63). Additionally, the plaintiff would appear as both a plaintiff and a defendant if the instant action was consolidated with the three other actions, which now comprise the consolidated action (see M & K Computer Corp. v MBS Indus., 271 AD2d 660; cf. Matter of Joseph J., 106 AD3d 1004, 1006).
Accordingly, under the particular circumstances of this case, we agree with the Supreme Court's determination denying that branch of Metz's motion which was pursuant to CPLR 602(a) to consolidate the instant action with the three other actions.
SCHEINKMAN, P.J., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court