Passeri v Brody (2021 NY Slip Op 06583)





Passeri v Brody


2021 NY Slip Op 06583


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

531815
[*1]Greta E. Passeri, Appellant,
v
Laurence Brody et al., Respondents, et al., Defendants.

Calendar Date:October 12, 2021

Before:Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Freeman Howard, PC, Hudson (Paul M. Freeman of counsel), for appellant.
Whitebeck, Benedict & Smith, LLP, Hudson (Victor M. Meyers of counsel), for respondents.



Garry, P.J.
Appeal from an order of the Supreme Court (Koweek, J.), entered June 25, 2020 in Columbia County, which partially denied plaintiff's motion to, among other things, amend the complaint.
In 2016, plaintiff acquired title to a parcel of land in the Town of Gallatin, Columbia County that abuts Crock Road (hereinafter the subject road) — a road that is not maintained by the Town — and is otherwise landlocked. Defendants are the owners of parcels that either abut or are bisected by the subject road north or south of plaintiff's parcel. In January 2017, plaintiff commenced this action seeking a declaration that she enjoyed an easement over the subject road by necessity, by prescription or through res judicata based on a 2016 judgment in another case to which she was not a party.
In September 2019, plaintiff moved for, among other things, leave to amend the complaint by adding a cause of action for a declaration of public easement over the subject road and to add allegations in support of her res judicata cause of action. Plaintiff's motion also sought to consolidate the instant action with a trespass action brought by defendant Laurence Brody against plaintiff's husband (hereinafter the Brody action), wherein Brody seeks to permanently enjoin plaintiff's husband from entering his land.[FN1] Brody and defendants Radu Buruiana and Elena-Marie Buruiana (hereinafter collectively referred to as defendants) opposed the motion. As relevant here, Supreme Court found that prior precedent conclusively established that the subject road had been absolutely abandoned and, therefore, a cause of action for a public easement was wholly without merit. The court denied plaintiff's motion to the extent that she sought to add a public easement cause of action, modify her res judicata cause of action and consolidate the instant action with the Brody action. Plaintiff appeals.
"Pursuant to CPLR 3025 (b), a party may amend its pleadings 'at any time by leave of the court,' which 'shall be freely given upon such terms as may be just'" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 101 [2017] [brackets and citation omitted]). "When leave is sought to amend a pleading, the movant need not establish the merits of the proposed amendment and, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lakeview Outlets Inc. v Town of Malta, 166 AD3d 1445, 1446 [2018] [internal quotation marks and citations omitted]; accord Matter of Perkins v Town of Dryden Planning Bd., 172 AD3d 1695, 1697 [2019]).
Plaintiff's public easement theory depends on the preliminary issue of whether the Town absolutely abandoned or qualifiedly abandoned the subject road via a 1928 resolution. Under the law then in effect, after six years of nonuse a highway or a public right-of-way was deemed absolutely abandoned [*2]and ceased to be a highway (see Highway Law former § 234; Matter of Aldous v Town of Lake Luzerne, 281 AD2d 807, 807 [2001]; see also Highway Law § 205 [1]). In the event of such absolute abandonment, the town highway superintendent was required to "file, and cause to be recorded in the town clerk's office of the town, a written description, signed by [him or her], of each highway or public right of way so abandoned" (Highway Law former § 234).[FN2] In contrast, qualified abandonment of a highway was permitted when "it appear[ed]" to the town highway superintendent that the use of the highway had diminished to no more than two vehicles per day "in addition to pedestrians and persons on horseback" (Highway Law former § 234; see Highway Law § 205 [2]). To effect a qualified abandonment where those conditions were met, the town highway superintendent was required to "file and cause to be recorded in the town clerk's office a certificate containing a description of that portion of the highway partly disused . . . and declaring a qualified abandonment thereof" (Highway Law former § 234; compare Highway Law § 205 [2]).[FN3] A qualifiedly abandoned highway is not maintained at public expense, but "it shall not cease to be a highway for purposes of the public easement, by reason of such suspension of work thereon" and, with some exceptions not relevant here, "no person shall impair its use as a highway nor obstruct it" (Highway Law former § 234; see Highway Law § 205 [2]).
It is undisputed that the 1928 resolution, which addressed the abandonment of six town highways, has been lost. On their motion, defendants submitted a list of the six highways abandoned in the 1928 resolution,[FN4] asserting that the source of this list was a 1992 affidavit of John Paterson, former Gallatin Town Clerk, created in connection with litigation involving a different road. Although the list is on Paterson's Town Clerk letterhead, the record does not contain the affidavit or any context explaining Paterson's source for this list, whether the resolution effected an absolute or qualified abandonment, or whether all six roads received the same treatment. Defendants and Supreme Court rely on the decision in Stupnicki v Southern N.Y. Fish & Game Assn. (41 Misc 2d 266 [Sup Ct, Columbia County 1962], affd 19 AD2d 921 [1963], lv denied 13 NY2d 601 [1964]) for interpretation of the 1928 resolution. In that case, addressing another of the six roads, Supreme Court (Bookstein, J.) found that the Town Supervisor and Town Board signed the 1928 resolution and filed it in the Town Clerk's office, and concluded that the Town absolutely abandoned the road at issue (id. at 268, 272). However, based on the information in that decision and in our record, it is unclear whether the same conclusion is necessarily dictated as to the subject road — i.e., the 1928 resolution may have provided for absolute abandonment of some of the six roads and qualified abandonment for others. Under the circumstances[*3], we cannot agree with defendants and Supreme Court (Koweek, J.) that plaintiff's proposed cause of action for a declaration of public easement is palpably insufficient or patently meritless at this stage of the action. If defendants wish to challenge the merits of the proposed new cause of action, they may later seek summary judgment and present evidence to support such a motion (see Green Tree Servicing, LLC v Feller, 159 AD3d 1246, 1249 [2018]).
Defendants assert prejudice due to plaintiff's delay of nearly three years in seeking this amendment. Although paper discovery had apparently been completed when plaintiff sought leave to amend, no depositions had been conducted. As the statute permits a court to grant leave to amend "upon such terms as may be just" (CPLR 3025 [b]), plaintiff should be permitted to amend her complaint to add the public easement cause of action; Supreme Court may determine whether discovery will be disrupted to the point that provisions are required to address any such disruption or prejudice to defendants.
Supreme Court did not abuse its discretion in denying the part of plaintiff's motion seeking to supplement her allegations in the res judicata cause of action. The court noted that it had specifically stated in its 2016 decision in another case, in which plaintiff was not a party, that a portion of what it was stating was dicta; plaintiff now tries to rely on that portion of the decision. An argument seeking res judicata effect based on what the court explicitly labeled as dicta is palpably insufficient and utterly without merit (see Sherb v Monticello Cent. Sch. Dist., 163 AD3d 1130, 1132 [2018]; Pollicino v Roemer & Featherstonhaugh, 277 AD2d 666, 668 [2000]).
Regarding plaintiff's request for consolidation with the Brody action, "Supreme Court has the discretionary power to consolidate proceedings that involve common questions of law or fact where such consolidation does not prejudice a substantial right" (Matter of Powers v De Groodt, 43 AD3d 509, 512 [2007]; see CPLR 602 [a]; F & K Supply v Johnson, 197 AD2d 814, 814-815 [1993]). Supreme Court found that most of plaintiff's causes of action "potentially involve[] disparate facts and issues not presented in [the Brody action]" and would cause confusion at trial. Confusion also may arise because Brody is a defendant in this action and the plaintiff in the Brody action, which would put him on both sides in a consolidated action (see Hilarion-Mahotiere v Metz, 186 AD3d 1342, 1343 [2020]; Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 335 [2005]; M & K Computer Corp. v MBS Indus., 271 AD2d 660, 660 [2000]). Based on the averments in the complaint in the Brody action, the public easement counterclaim interposed by plaintiff's husband may be barred by res judicata if it could have been litigated in his 2010 action against Brody for an easement by necessity or prescription (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]; Matter [*4]of State of New York v Town of Hardenburgh, 273 AD2d 769, 772 [2000]), thus raising a confusing and unwieldy issue in the Brody action that plaintiff need not overcome in the instant action (see Hilarion-Mahotiere v Metz, 186 AD3d at 1343). Moreover, the Brody action involves only two parties, whereas consolidation would potentially add an additional 14 parties. Accordingly, we do not find that Supreme Court erred in denying the portion of plaintiff's motion seeking consolidation.
Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied the portion of plaintiff's motion seeking to amend her complaint to add the proposed new first cause of action; motion granted to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Plaintiff's husband owns a separate parcel abutting the subject road and Brody's property.

Footnote 2: Highway Law former § 234 is the predecessor to Highway Law § 205. Under the current law, the written description of highways that are absolutely abandoned must be filed by the town highway superintendent, with the consent of a majority of the town board, and signed by the town board as well as the highway superintendent (see Highway Law § 205 [1]).

Footnote 3: Under current law, the town highway superintendent may effect a qualified abandonment based on the aforesaid level of disuse by filing and causing the recording in the town clerk's office of a certificate containing the description of the partly disused portion of highway, after the county highway superintendent holds a public hearing upon 20 days' written notice to the owners and occupants of abutting lands and determines that such qualified abandonment "will not cause injustice or hardship to the owner or occupant of any lands adjoining such highway" (Highway Law § 205 [2]; see L 1937, ch 475, § 1).

Footnote 4: The subject highway is apparently the first road identified on the list.