Ferretti v Village of Scotia (2021 NY Slip Op 06895)





Ferretti v Village of Scotia


2021 NY Slip Op 06895


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

531854
[*1]Benjamin P. Ferretti, Respondent-Appellant,
v
Village of Scotia et al., Appellants-Respondents.

Calendar Date:October 22, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Barclay Damon LLP, Albany (Michael J. Murphy of counsel), for appellants-respondents.
Martin, Harding & Mazzotti, LLP, Albany (Peter P. Balouskas of counsel), for respondent-appellant.



Colangelo, J.
Cross appeals from an order of the Supreme Court (Buchanan, J.), entered May 1, 2020 in Schenectady County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint.
In September 2007, the Town of Glenville and defendant Village of Scotia, both in Schenectady County, entered into a Police Mutual Aid Agreement (hereinafter the Agreement), having "determined that it is in the best interest of the respective communities and of mutual advantage to enter into this Agreement for the provisions of inter-agency law enforcement services on a day-to-day basis." The Agreement provides for inter-jurisdictional law enforcement service and assistance between the municipalities during both emergency and routine law enforcement work in order to, among other things, "ensure an adequate number of trained and equipped law enforcement officers to handle and resolve emergency, disaster, and violent situations; as well as routine law enforcement services which cannot be met with the resources of one of the parties to this Agreement." Pursuant to the Agreement, if one of the parties (hereinafter the requesting party) requests the aid of the other to address ongoing criminal activity within its borders, and the other party (hereinafter the responding party) agrees to and does respond, the activities of both are governed by the terms of the Agreement.
On July 28, 2017, officers from the Town of Glenville Police Department (hereinafter Glenville police) were dispatched to a domestic incident at a residence in Glenville where it was reported that an individual was armed and holding a hostage in the basement. Matthew Weise, a sergeant with the Glenville police, requested assistance from defendant Village of Scotia Police Department (hereinafter Scotia police) pursuant to the Agreement, and a sergeant and three officers from the Scotia police, including officer Danielle Peck, responded. Plaintiff and two other police officers with the Glenville police were also on the scene. The officers formed a perimeter around the property and, once the subject exited his home with a raised knife and wielded the knife as he advanced toward the officers, officers from both police departments discharged their weapons. During the cross fire, plaintiff was struck in the abdomen by a bullet fired from Peck's weapon.
Plaintiff commenced this action against the Village and the Scotia police alleging, in a single cause of action, that Peck negligently discharged her weapon and that defendants were negligent in a number of ways, including their alleged failure to properly train and supervise their employees. After issue was joined, defendants moved for summary judgment dismissing the complaint based principally on the contention that plaintiff and Peck were acting as coemployees within the meaning of General Obligations Law § 11-106 (1) at the time of the incident and in the context of a mutual aid operation, which barred plaintiff's negligence [*2]claim. Plaintiff opposed defendants' motion and cross-moved to amend the complaint to allege a cause of action under General Municipal Law § 205-e, despite having filed a note of issue over four months earlier. Supreme Court denied defendants' motion for summary judgment, finding issues of fact as to whether plaintiff and Peck were operating as coemployees under General Obligations Law § 11-106 (1), and also denied plaintiff's cross motion to amend the complaint. These cross appeals ensued.
Pursuant to General Obligations Law § 11-106, a police officer may now assert a cause of action sounding in negligence "for injuries suffered while in the line of duty against entities other than municipal employers and fellow workers" (Cassidy v Korik, 119 AD3d 831, 832 [2014]; see Wadler v City of New York, 14 NY3d 192, 194 [2010]; Connery v County of Albany, 73 AD3d 198, 201 [2010], lv denied 15 NY3d 702 [2010]; Padula v County of Tompkins, 303 AD2d 804, 806-807 [2003]). The issue thus boils down to whether plaintiff and Peck were acting as coemployees at the time of the incident, which would bar plaintiff's action. Based primarily upon the operative provisions of the Agreement, we find that they were coemployees on the night of the incident, thereby insulating defendants from liability.
The Agreement provides that "[t]he officer in charge of the requesting party shall be in command of the operation(s) under which the equipment and personnel sent by the responding party shall serve"; here, that was Weise of the Glenville police. Although the Agreement states that the responding party's personnel "shall be under the immediate supervision of the officer in charge of the responding party," that tactical and practical aspect of the operation does not detract from the fact that a unified command of the joint operation is contemplated by the Agreement. Indeed, other provisions of the Agreement make plain that once the responding party enters the scene, the operation is a joint one and, as far as issues of liability are concerned, all officers, whether from the requesting party or the responding party, are treated as if they were operating on their home turf as coemployees. Toward that conclusion, article eight of the Agreement provides that, if any officer is injured "outside the territorial limits of either participating entity" while providing mutual aid under the Agreement, it would be the same as if the injury occurred "while that officer was functioning within [his or her] own territorial limits, and . . . in the line of duty." In addition, article six of the Agreement states that "[a]ll immunities from liability enjoyed by the local government within its boundaries shall extend to its participation in rendering aid under this Agreement outside its boundaries." Article six further provides that "[a]ll the immunities from liability and exemptions from laws, ordinances and regulations which Law Enforcement Officers employed by local governments [[*3]that] are parties to the Agreement have in their own jurisdictions shall be effective in the jurisdiction in which they are giving aid unless otherwise provided by law or this Agreement." Finally, article five of the Agreement provides that "[n]either participant, as a requesting party, shall be obligated to compensate the responding party for services rendered by or injuries to the responding party's personnel, or for the use of the responding party's equipment."
The record establishes that plaintiff was injured while responding to a call in the scope of his duties after Weise requested mutual aid from the Scotia police pursuant to the Agreement. Weise testified at his deposition that, until a lieutenant of the Scotia police arrived at the scene, he was in command of the operation on the night of the incident as he was the superior officer of the requesting party, the Glenville police, and he exercised authority and made requests that officers of the Scotia police act as he directed.[FN1] A lieutenant from the Scotia police did not arrive until after the discharge of weapons. Both police departments worked together to respond to the call and ultimately disarm the subject, at all times functioning as coemployees under the Agreement. By the same token, by virtue of the joint operation under which plaintiff and Peck were coemployees, plaintiff was, as a member of the "joint service" as set forth in the Agreement, in effect an employee of the Glenville police, as well as the Scotia police, within the meaning of General Obligations Law § 11-106, thus insulating the Glenville police from liability as contemplated by the Agreement. To hold otherwise and subject both responding officers and governmental entities to liability under the circumstances present here might well jeopardize the viability of the mutual aid system, an important part of police and fire preparedness throughout the state.
As defendants established that plaintiff's single negligence claim is barred by General Obligations Law § 11-106 (1), they met their burden of establishing their entitlement to summary judgment, thus shifting the burden to plaintiff to raise a triable issue of fact (see WFE Ventures, Inc. v GBD Lake Placid, LLC, 197 AD3d 824, 827 [2021]; Timmany v Benko, 195 AD3d 1212, 1213 [2021]). However, plaintiff failed to come forward with evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact as to whether he and Peck were coemployees on the evening in question. As such, Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint (see Timmany v Benko, 195 AD3d at 1213).
With respect to plaintiff's cross motion to amend his complaint to assert a claim under General Municipal Law § 205-e, said motion was not made until over four months after discovery had concluded, after plaintiff had filed a note of issue and certified the case as ready for trial and after nearly two years had passed [*4]since plaintiff commenced the action. The record reflects that plaintiff's proposed amendment is based on facts of which he was aware even before the action was initiated, and he proffered no excuse for the delay. Although, as a general rule, "[l]eave to amend pleadings should be freely given. . .[,] [i]n exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered. Where, however, an application for leave to amend is sought after a long delay and the case has been certified as ready for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious" (Morand v Farmers New Century Ins. Co. 171 AD3d 1167, 1167 [2019] [internal quotation marks and citations omitted]; see Velez v South Nine Realty Corp., 57 AD2d 889, 892 [2008]; Sadler v Town of Hurley 304 AD2d 930, 931 [2003]).
In addition, plaintiff's proposed cause of action lacks merit. "In order to recover under General Municipal Law §
205-e, the police officer must demonstrate an injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties" (Gammons v City of New York, 24 NY3d 562, 571 [2014] [internal quotation marks, brackets and citations omitted]). To serve as a basis for liability under General Municipal Law § 205-e, a statute or regulation must contain a particularized mandate or clear legal duty; violations of statutes providing only general duties or behavioral prescriptions will not suffice "as a basis for civil liability of municipalities" (Galapo v City of New York, 95 NY2d 568, 575 [2000]; see Desmond v City of New York, 88 NY2d 455, 464 [1996] [section 205-e "was intended to provide police officers with an avenue of recourse where injury is the result of negligent non-compliance with well-developed bodies of law and regulation which impose clear duties" (emphasis omitted)]). Such well-developed bodies of law and regulation are manifestly absent from plaintiff's proposed amendment. None of the statutes or regulations relied upon by plaintiff prescribes clear legal duties, the violation of which caused the injury for which plaintiff seeks recompense (see Galapo v City of New York, 95 at 575). Accordingly, Supreme Court properly exercised its discretion in denying plaintiff's cross motion to amend his complaint.
We have reviewed the parties' remaining contentions and found them lacking in merit.
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion; said motion granted, summary judgment awarded to defendants and complaint dismissed; and, as modified, affirmed.



Footnotes

Footnote 1: Weise also offered inconsistent testimony, to the effect that he was only the supervisor for the Glenville police and was not in charge of the officers of the Scotia police. Notably, he further testified that he had not read the Agreement. Pursuant to the language of the Agreement, however, he was in fact in charge of the scene and all officers thereon, even if he was unclear regarding that status, and the officers of the Scotia police complied with his directions, apparently conceding his authority. Accordingly, any equivocation in his testimony does not create an issue of fact.