Mohammed v New York State Professional Fire Fighters Assn., Inc. (2022 NY Slip Op 05909)

Mohammed v New York State Professional Fire Fighters Assn., Inc.

2022 NY Slip Op 05909

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

534082
[*1]Hind Mohammed, Appellant,
v
New York State Professional Fire Fighters Association, Inc., Defendant, and City of Albany, Respondent.

Calendar Date:September 12, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Phelan, Phelan & Danek, LLP, Albany (Timothy S. Brennan of counsel), for appellant.
Marisa Franchini, Corporation Counsel, Albany (Robert Magee of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Peter A. Lynch, J.), entered September 2, 2021 in Albany County, which granted a motion by defendant City of Albany to dismiss the complaint against it and denied plaintiff's cross motion to amend the complaint.
In February 2020, plaintiff slipped and fell on snow and/or ice on a sidewalk in the City of Albany. In May 2021, plaintiff commenced this personal injury negligence action alleging that defendant City of Albany, among others, negligently designed, constructed and maintained the sidewalk, and failed to remove snow/ice and/or allowed a dangerous ice condition to form. The City then moved pre-answer to dismiss the complaint, pursuant to CPLR 3211 (a) (7), on the grounds that plaintiff failed to plead compliance with the prior written notice of defect provision of the Albany City Code (see Albany City Code § 24-1). Plaintiff opposed the motion and cross-moved for leave to serve an amended complaint to cure the pleading omission. In so moving, plaintiff submitted documentation allegedly demonstrating that the City had received prior written notice of the condition complained of occurring at properties near the site of plaintiff's fall,[FN1] but not the site itself. Supreme Court granted the motion to dismiss and denied the cross motion to amend the complaint. Plaintiff appeals.
Plaintiff contends that Supreme Court erred in denying her motion to amend the complaint to include an allegation that the City had prior written notice of the condition which she alleges caused her fall. "Pursuant to CPLR 3025 (b), a party may amend its pleadings at any time by leave of the court, which shall be freely given upon such terms as may be just. When leave is sought to amend a pleading, the movant need not establish the merits of the proposed amendment and, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Passeri v Brody, 199 AD3d 1260, 1261 [3d Dept 2021] [internal quotation marks and citations omitted]; see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [3d Dept 2017]). "The decision to grant leave to amend a complaint is within the trial court's sound discretion and will not be disturbed absent a clear abuse of that discretion" (Place v Preferred Mut. Ins. Co., 190 AD3d 1208, 1212 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Walden v Varricchio, 195 AD3d 1111, 1112-1113 [3d Dept 2021]).
We find that Supreme Court abused its discretion in denying plaintiff's cross motion to amend the complaint. As it is undisputed that plaintiff timely filed a notice of claim concerning her fall and the City and plaintiff thereafter participated in a 50-h hearing (see General Municipal Law§ 50-h), the City cannot allege prejudice or surprise. Moreover, as demonstrated by her proposed amended complaint, plaintiff [*2]is not changing her theory of causation, but merely curing her pleading omission. Although Supreme Court correctly determined that the proposed amended complaint cured the pleading omission, its attendant conclusion that "[plaintiff's] claim is belied by the documentary evidence" and subsequent dismissal of the action on that basis was error.
At this stage of the litigation, where discovery has not yet even commenced, plaintiff has no burden to submit any proof. As such, the documents that she did submit are of no moment, and do not provide a basis upon which to dismiss her action (see Passeri v Brody, 199 AD3d at 1262-1263; Van Wageningen v City of Ithaca, 168 AD3d 1266, 1267 [3d Dept 2019]; Massey v City of Cohoes, 35 AD3d 996, 996 [3d Dept 2006]). Finally, contrary to the City's assertion that the proposed amended complaint contains bare legal conclusions, plaintiff need not establish the merits of the proposed amendments (see Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 161 AD3d 1263, 1265 [3d Dept 2018]; Green Tree Servicing, LLC v Feller, 159 AD3d 1246, 1249 [3d Dept 2018]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 102). Inasmuch as the proposed amendments were not palpably insufficient or patently meritless, and the City cannot allege surprise or prejudice as the proposed amended complaint otherwise contains facts formerly pleaded and previously known to it, leave should have been granted to amend the complaint (see Perez v City of New York, 110 AD3d 777, 779 [2d Dept 2013]; Massey v City of Cohoes, 35 AD3d at 997; Harrington v City of Plattsburgh, 216 AD2d 724, 725 [3d Dept 1995]; Stuart v Board of Directors of Police Benevolent Assn. of N.Y. State Police, 86 AD2d 721, 722 [3d Dept 1982], appeal dismissed 56 NY2d 807 [1982]).
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion to dismiss the complaint denied as premature, plaintiff's cross motion to amend the complaint granted and plaintiff is directed to serve the amended complaint within 20 days of the date of this Court's decision.

Footnotes

Footnote 1: Plaintiff provided copies of reports, obtained via a FOIL demand, made to the City for failure to shovel snow/ice.