Shaughnessey v Relyea

2026 NY Slip Op 02013

April 2, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jennifer Shaughnessey et al., Appellants,

v

Tim Relyea et al., Respondents.

Decided and Entered:April 2, 2026

CV-24-1867

Calendar Date: February 10, 2026

Before: Clark, J.P., Aarons, Pritzker, Mcshan And Corcoran, JJ.

Woodruff Lee Carroll PC, Syracuse (Woodruff Lee Carroll of counsel), for appellants.

Perry Law Office, Chittenango (Mitchel R. Meigs of counsel), for respondents.

[*1]

McShan, J.

Appeal from an order of the Supreme Court (Patrick O'Sullivan, J.), entered October 17, 2024 in Madison County, which, among other things, granted defendants' motion to dismiss the complaint.

Plaintiffs reside at a property located in the City of Oneida, Madison County that they have rented from defendants since sometime prior to 2018. In April 2018, plaintiffs were arrested and incarcerated for drug-related activities. In May 2020, following their release from incarceration, plaintiffs commenced this action against defendants alleging that defendants entered the property and unlawfully removed and sold plaintiffs' personal possessions. Defendants answered in September 2020, denying plaintiffs' allegations and raising several affirmative defenses, including that plaintiffs had failed to set forth the underlying facts and occurrences necessary to prepare a defense and sustain an action as required by CPLR 3013. The action sat dormant for four years before, in April 2024, plaintiffs filed a note of issue and certificate of readiness for trial. Defendants then moved to dismiss the complaint, claiming that plaintiffs' complaint failed to contain sufficient particularity to give defendants notice of the transactions underlying the alleged action. Plaintiffs opposed the motion and cross-moved to amend the complaint. Supreme Court granted defendants' motion to dismiss the complaint and denied plaintiffs' cross-motion, finding that plaintiffs' original complaint failed to provide sufficient detail that would inform defendants of the notice of the transactions and material elements of the action and that plaintiffs proposed amended complaint was similarly insufficient. Plaintiffs appeal.

Plaintiffs first contend that Supreme Court improperly dismissed the initial complaint for failure to comply with the pleading requirements of CPLR 3013. We disagree. "Pursuant to CPLR 3013, a pleading must be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action" (Archer-Vail v LHV Precast Inc., 168 AD3d 1257, 1258 [3d Dept 2019] [internal quotation marks and citations omitted]; see 12 Baker Hill Rd., Inc. v Miranti, 130 AD3d 1425, 1426 [3d Dept 2015]). The original complaint included allegations that, with the benefit of a very generous reading, were adequate to allege a trespass into plaintiffs' residence (compare City of Albany v Normanskill Cr., LLC, 165 AD3d 1437, 1439 [3d Dept 2018]), trespass to chattels (see Jackie's Enters., Inc. v Belleville, 165 AD3d 1567, 1572 [3d Dept 2018]) and conversion (see Ciprich v Atwood, 163 AD3d 1332, 1334 [3d Dept 2018]). However, notably absent from the complaint is any indication whatsoever of the time frame in which such acts allegedly occurred.FN1 Without that information on the face of the complaint or any other accompanying filing (see e.g. Lederman v McLean Trucking Co., 41 [*2]AD2d 5, 11 [2d Dept 1973]), Supreme Court properly determined that the complaint failed to comply with the requirements of CPLR 3013 (see Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 155 AD3d 1218, 1220 [3d Dept 2017], affd 31 NY3d 1090 [2018]).

However, we disagree with Supreme Court's denial of plaintiffs' motion to amend the complaint. The court found that the proposed amended complaint posited dates of the transactions or occurrences that made no sense, and a cursory examination of the proposed amendment suggests as much. Although the amended complaint, like its predecessor, is inartful and sparse in detail, the deficiency noted by Supreme Court appears to be a typographical mistake, albeit one of several. Specifically, in asserting the time frame that defendants allegedly trespassed and removed various chattels from plaintiffs' residence, the amended complaint inaccurately states the year 2024 rather than 2018. There is, however, a clear reference in that paragraph to the period of time that plaintiffs were incarcerated, which coincides with the dates in the complaint when corrected for the proper years (see generally Victoria T. Enters., Inc. v Charmer Indus., Inc., 63 AD3d 1698, 1698 [4th Dept 2009]; compare New Dimension Solutions, Inc. v Spearhead Sys. Consultants [US], Ltd., 28 AD3d 260, 260 [1st Dept 2006]). Ultimately, "the primary function of a pleading is to apprise an adverse party of the pleader's claim" (12 Baker Hill Rd., Inc. v Miranti, 130 AD3d at 1426 [internal quotation marks and citation omitted]; see Cole v Mandell Food Stores, 93 NY2d 34, 40 [1999]). Viewed liberally, the amended complaint meets that minimal threshold (see Foley v D'Agostino, 21 AD2d 60, 63 [1st Dept 1964]).

As to the burden plaintiffs bear on their motion to amend, it is well established that "the movant need not establish the merits of the proposed amendment and, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Passeri v Brody, 199 AD3d 1260, 1261 [3d Dept 2021] [internal quotation marks and citations omitted]; see CPLR 3025 [b]; Bynum v Camp Bisco, LLC, 155 AD3d 1503, 1504 [3d Dept 2017]). Although a determination on a motion for leave to amend is generally subject to an abuse of discretion standard (see Petry v Gillon,199 AD3d 1277, 1280 [3d Dept 2021]; Matter of Perkins v Town of Dryden Planning Bd.,172 AD3d 1695, 1697 [3d Dept 2019]), Supreme Court did not engage in any analysis with respect to the merits of plaintiffs' cross-motion seeking leave to amend. Our review of the record persuades us that the motion should have been granted. Liberally construing defendants' arguments in opposition as an assertion of prejudice owing to the four-year delay in filing, we find the assertion lacking. "Prejudice in this context exists where a party has incurred some change in [*3]position or hindrance in the preparation of its case which could have been avoided had the original pleading contained the proposed amendment" (Lakeview Outlets Inc. v Town of Malta, 166 AD3d 1445, 1446 [3d Dept 2018] [internal quotation marks and citations omitted]). Here, the substance of defendants' answer to the original complaint acknowledges that they became aware of plaintiffs' incarceration by reading about it in the newspaper. In connection with that information, defendants were suspicious that the property was being used in furtherance of plaintiffs' criminal activity which, in their view, warranted an emergency inspection. Defendants further acknowledged that they, upon entering the property, "secur[ed] each plaintiffs' remaining personal effects." These facts suggest that defendants have not been hindered in formulating a defense to the allegations in plaintiffs' complaint. To the extent defendants assail the sufficiency of the handwritten list of items that were purportedly removed from the property and have been provided by plaintiffs alongside the proposed amended complaint, we note that plaintiffs have no burden to submit any proof at this stage of litigation (see Mohammed v New York State Professional Fire Fighters Assn., Inc., 209 AD3d 1151, 1152 [3d Dept 2022]), and the probative value of that list, or lack thereof, does not render the amendment "palpably insufficient or patently devoid of merit" (Passeri v Brody, 199 AD3d at 1261 [internal quotation marks and citations omitted]; see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 103 [3d Dept 2017]). Accordingly, at this juncture, plaintiffs have accomplished the bare minimum to allow the action to proceed.FN2

In light of our determination, we find no basis to grant defendants' request for costs and fees, irrespective of plaintiffs' approach to briefing on this appeal. The parties' remaining contentions, to the extent not expressly addressed, have been considered and found unavailing.

Clark, J.P., Aarons, Pritzker and Corcoran, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' cross-motion to amend the complaint; cross-motion granted, and plaintiffs are directed to serve the amended complaint within 20 days of the date of this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Seemingly, plaintiffs had originally intended to include such information by beginning their factual recitation with "[o]n or about," before inexplicably proceeding without including any time frame. We note that this omission somehow remains in the amended complaint.

Footnote 2: Although plaintiffs filed a note of issue and certified that they are ready for trial, there has been no discovery conducted in this case. Generally, these facts would warrant a cautious approach in permitting plaintiffs to amend their complaint (see Ferretti v Vil. of Scotia, 200 AD3d 1243, 1247 [3d Dept 2021]). However, we note that plaintiffs' amendment does not add new facts or causes of action and instead seeks to correct deficiencies pointed out in defendants' motion to dismiss, which allows for a more permissive review with respect to whether or not to allow an amendment. Further, although Supreme Court did not address defendants' motion to strike the note of issue, our determination permitting plaintiffs to file the amended complaint, along with the fact that no discovery has been performed in this case, may warrant such relief (see generally Hutchins v Wand, 82 AD2d 928, 928 [3d Dept 1981]; compare Lisa I. v Manikas, 188 AD3d 1369, 1371 [3d Dept 2020]; Rosen v Mosby, 180 AD3d 1253, 1256 [3d Dept 2020]; Kropp v Town of Shandaken, 91 AD3d 1087, 1092 [3d Dept 2012]).