Rohauer v Guilderland Cent. Sch. Dist.
2026 NY Slip Op 02709
April 30, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Riley Rohauer, Appellant,
v
Guilderland Central School District et al., Respondents.

Decided and Entered:April 30, 2026
CV-25-1521
Calendar Date: March 25, 2026
Before: Reynolds Fitzgerald, J.P., Powers, Mackey And Ryba, JJ.

The Scagnelli Law Firm, PC, Albany (Peter J. Scagnelli of counsel), for appellant.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Robert A. Rausch of counsel), for Guilderland Central School District, respondent.
The Mills Law Firm, LLP, Clifton Park (Christopher K. Mills of counsel), for Jon Kauffmann, respondent.

[*1]
Reynolds Fitzgerald, J.P.
Appeal from an order of the Supreme Court (Kimberly O'Connor, J.), entered September 4, 2025 in Albany County, which partially denied plaintiff's motion to amend the complaint.
In November 2019, plaintiff was a student at defendant Guilderland Central School District and was attending defendant Jon Kauffmann's history class when she was struck in the back of the head by Kauffmann. In August 2022, plaintiff commenced this action and moved to serve a late notice of claim, which was granted by Supreme Court in January 2023.FN1 The complaint contained causes of action against Kauffmann for battery and intentional infliction of emotional distress, and asserted negligent hiring, training and supervision and negligent infliction of emotional distress against Guilderland.
A General Municipal Law § 50-h hearing was held in April 2023 and discovery ensued. Immediately upon conclusion of depositions, and prior to the filing of the note of issue, Guilderland moved for summary judgment seeking to dismiss the complaint against it. Thereafter, plaintiff moved to amend the pleadings to, among other things, include a cause of action in negligence, and Supreme Court denied this request, concluding both that plaintiff failed to offer a reasonable explanation for her delay and that the amendment would prejudice Guilderland. Plaintiff appeals.
Plaintiff contends that Supreme Court erred in denying her motion to amend the complaint to add a claim in negligence. "Pursuant to CPLR 3025 (b), a party may amend its pleadings at any time by leave of the court, which shall be freely given upon such terms as may be just" (Passeri v Brody, 199 AD3d 1260, 1261 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Mohammed v New York State Professional Fire Fighters Assn., Inc., 209 AD3d 1151, 1152 [3d Dept 2022]). Permission to amend may be granted "before or after judgment to conform [the pleadings] to the evidence" (CPLR 3025 [c]). "The rule on a motion for leave to amend a pleading is that, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Walden v Varricchio, 195 AD3d 1111, 1113 [3d Dept 2021] [internal quotation marks and citations omitted]; see Passeri v Brody, 199 AD3d at 1261). "Supreme Court, which has considerable latitude in exercising its discretion, may consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated and whether a reasonable excuse for the delay was offered, particularly where the delay is on the eve of trial" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 103 [3d Dept 2017] [internal quotation marks, brackets and citations omitted]; see Place v Preferred Mut. Ins. Co., 190 AD3d 1208, 1212 [3d Dept 2021]). "The decision to grant leave to amend a complaint is within the trial court's sound discretion [*2]and will not be disturbed absent a clear abuse of that discretion" (Walden v Varricchio, 195 AD3d at 1112-1113 [internal quotation marks and citations omitted]; see NYAHSA Servs., Inc. Self-Ins. Trust v People Care Inc., 156 AD3d at 101).
In this instance, we find that Supreme Court abused its discretion in denying plaintiff's motion to amend the complaint to add a negligence cause of action (see Mohammed v New York State Professional Fire Fighters Assn., Inc., 209 AD3d at 1152; Passeri v Brody, 199 AD3d at 1262). Initially, we note that this pre-note of issue motion was not brought on the eve of trial. The parties had just completed depositions, and, in fact, plaintiff asserts that certain testimony given at Kauffmann's deposition prompted her motion. As to Supreme Court's finding that a negligence cause of action is inconsistent with plaintiff's assertion that defendants acted intentionally, plaintiff need not establish the merits of the proposed amendments at this stage (see Matter of Falck, 232 AD3d 1150, 1154 [3d Dept 2024]; Matter of Perkins v Town of Dryden Planning Bd., 172 AD3d 1695, 1697 [3d Dept 2019]), but is only required to demonstrate that the proposed amendment is not palpably insufficient or patently meritless. Here, especially in light of Kauffmann's deposition testimony wherein he testified that he did not intentionally strike plaintiff, it is not. Additionally, Guilderland cannot allege surprise, since shortly after the incident was reported to school officials, it investigated the incident and learned that Kauffmann contended his contact with plaintiff's head was accidental. Furthermore, Guilderland's argument that it would be prejudiced because it would be subject to increased liability is unavailing as prejudice is more than the mere exposure of an opposing party to greater liability (see NYAHSA Servs., Inc. Self-Ins. Trust v People Care Inc., 156 AD3d at 103; Rutz v Kellum, 144 AD2d 1017, 1018 [4th Dept 1988]; Perkins v New York State Elec. & Gas Corp., 91 AD2d 1121, 1122 [3d Dept 1983]).
Powers, Mackey and Ryba, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied the portion of plaintiff's motion seeking to amend her complaint to add a negligence cause of action; motion granted to that extent; and, as so modified, affirmed, and plaintiff is directed to serve the amended complaint within 20 days of the date of this Court's decision.

Footnotes

Footnote 1
As plaintiff was an infant at the time of the commencement of the action, the action was brought by her parents on her behalf. Plaintiff achieved majority during the pendency of the action, and the caption was amended. For purposes of clarity, this decision uses the term plaintiff in all instances.