| |
|---|
| **Estate of Scott** |
| 2024 NY Slip Op 31774(U) |
| March 7, 2024 |
| Surrogate's Court, Bronx County |
| Docket Number: File No. 2020-506/B |
| Judge: Elizabeth A. Taylor |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT, BRONX COUNTY

March 7 , 2024

ESTATE OF ROBERT SCOTT
a/k/a ROBERT LEWIS SCOTT, Deceased
File No.: 2020-506/B

In this contentious probate proceeding, the objectants, Lorri Scott and Robin Scott (collectively the "Objectants") now move for an order: (i) vacating the note of issue and certificate of readiness filed by the petitioner, Kim Wade (the "Petitioner"); (ii) permitting their "expert an appointment to review the original [w]ill of decedent Robert Scott, on file in the courthouse"; and (iii) granting them a so-ordered subpoena for the "deposition of one or more of the detectives assigned to the homicide case of Gary Henricksen," a purported witness to said will. The Petitioner opposes the application and cross-moves for an additional 120 days to file a summary judgment motion pursuant to CPLR 3212 (a).

The following papers were considered in connection with the motion and cross-motion: The Objectants' notice of motion, dated November 9, 2023; the affirmation of Sonya Latimore, Esq., dated November 9, 2023 and the exhibits attached thereto; the Petitioner's notice of cross-motion, dated January 3, 2024; the affirmation of Jules Martin Haas, Esq., dated January 3, 2024 and the exhibits annexed thereto; the reply affirmation of Sonya Latimore, Esq., dated January 17, 2023 [*sic*] and the exhibits annexed thereto. In addition, the court takes judicial notice of the notice of entry dated September 19, 2023 filed by the Objectants on September 21, 2023 for the court's decision and order dated September 13, 2023, and all prior papers considered by the court in connection therewith.

1

## Relevant Background

The background facts of this matter have been detailed in several prior court decisions and need not be restated at length here. Suffice it to say, the decedent died a widower on January 30, 2020, at the age of eighty-five. The will offered for probate in this proceeding, dated December 21, 2019 (the "Will"), bequeaths the decedent's entire estate in equal shares to his two stepchildren—the Petitioner and Erroll Holloway. The decedent's distributees are three daughters (the Objectants and Elaine Scott-Morton) and two granddaughters (Ayanna J. Lee and Sierra Nicole Lee), none of whom receive anything under the Will. All of the disinherited distributees are represented by the same attorney in this proceeding.[1] Each of the Objectants simultaneously filed her own set of objections to the Will. Notably, Lorri Scott's objections include the allegation that the decedent's signature on the purported will is a forgery.

There have been three discovery orders in this proceeding, dated August 12, 2022, October 18, 2022 and February 18, 2023, respectively. The last of these orders required all discovery to be completed by April 14, 2023. That milestone for discovery completion was amended by the court's decision and order dated September 13, 2023 (the "September 13th Decision"), which not only directed the parties to complete all discovery in this proceeding on or before October 13, 2023, but to file a note of issue and certificate of readiness (collectively, the "NOI") in the matter no later than October 20, 2023. The Objectants filed and served Petitioner with notice of entry for the September 13th Decision on September 21, 2023. The

---

[1] The court had appointed Joyce Randazzo, Esq. the Guardian Ad Litem ("GAL") for Sierra Nicole Lee , who was a minor at the time this proceeding was commenced. Ms. Lee has now reached the age of majority and no longer requires a GAL. It is expected that Ms. Randazzo will be filing her GAL report and an application to be discharged from her assignment shortly.

2

Petitioner filed the NOI on October 20, 2023.

**The Arguments**

The Objectants argue that the NOI should be vacated because discovery has not been completed, and the NOI's statement to the contrary is a material misstatement of fact. The Objectants further urge that the discovery requested by their motion, i.e.: (i) an "appointment" for their expert to review the original Will filed with the court, (ii) a so-ordered subpoena to depose one or more of the NYPD detectives assigned to the homicide case of Gary Henricksen, one of the Will's witnesses, and (iii) the deposition of Elaine Scott-Morton, one of the decedent's disinherited daughters, is material and essential to their defense of this matter.

In her cross-motion, the Petitioner counters that discovery must be deemed complete because the September 13th Decision mandated the completion of discovery on or before October 13, 2023 and the filing of the NOI. Additionally, the Petitioner points out that when the NOI was filed there were no pending demands for the discovery now being requested in the Objectants' motion.

As to the legitimacy of the discovery requested by the Objectants' motion, the Petitioner contends that a request for an "appointment" to have an unidentified expert in an unspecified field examine the Will is too vague to be a proper discovery demand or form a basis for vacating the NOI; the Objectants have had ample opportunity to obtain the discovery they are demanding now, yet they did not do so until after the NOI was filed; and there has been no showing that the details of an investigation into the death of Gary Henricksen is material and relevant to the Will's validity, especially since Henricksen has already provided

3

an SCPA 1406 affidavit and his testimony can be dispensed with pursuant to SCPA 1405. With respect to the Objectants request for a so-ordered subpoena, the Petitioner points out that a subpoena is not a discovery demand, and the Objectants failed to provide any specificity as to the names of the detectives involved with the Henricksen investigation or their location. Finally, the Petitioner asserts that the need to depose Elaine Scott-Morton is disingenuous because she is represented by the Objectants' attorney in this proceeding, they never noticed her deposition, and the Objectants can speak to her directly regarding the alleged "critical" information she possesses concerning this proceeding.

## Discussion

The Surrogate's Court, like any other trial court, has broad discretion over the discovery process, and its determinations will not be set aside absent a clear showing of abuse of discretion (*Rodney v City of New York*, 192 AD3d 606 [1st Dept 2021]; *Matter of Levitgin [Silberkleit]*, 48 Misc3d 908 (Sur Ct, Westchester County 2015]; *Matter of Zagor*, 2020 NY Misc LEXIS 1115 [Sur Ct, New York County 2020]). Here, the court was well within its authority to require all discovery to be completed by October 13, 2023. The Objectants have provided no evidence that the discovery items requested in the motion were properly demanded prior to the October 13th deadline nor, for that matter, given any reason why such demands were not made previously. The Objectants' failure to complete discovery by October 13, 2023 bars them from now vacating the NOI solely because they wish the discovery process to continue (*see Encarnacion v Monier*, 81 AD3d 875 [2nd Dept 2011]).

The court does not agree with the Objectants' proposition that the NOI misstates the completion of discovery in this proceeding. The September 13th Decision clearly establishes

4

October 13, 2023 as the end date for discovery and directs the filing of the NOI. In essence, the Objectants' motion is an unpersuasive, untimely and procedurally improper attempt to reargue the September 13th Decision (see CPLR 2221 [d] [1]), devoid of any basis for vacating the NOI.

As Objectants have not shown that the discovery items requested by their motion were the subject of a pending demand at the time the NOI was filed, they provide no ground for vacating the NOI (*see Jablonsky v Nerlich*, 189 AD3d 1561 (2nd Dept 2020]). Likewise, the Objectants' unexcused delay in making these requests bars the NOI's vacatur (*see Simmons v Kemble*, 150 AD2d 986 [3d Dept 1989]). Finally, as set forth below, even if the NOI had not been filed, the court would not have extended the discovery completion date set forth in the September 13th Decision (the "Completion Date") to allow the additional disclosure requested by the Objectants' motion.

*The demand to schedule a handwriting expert*

The Objectants have been promulgating the claim of forgery since January 2, 2021, when they filed objections to the Will. They raised the defense of alleged forgery in prior motion practice, including in the papers considered in connection with the September 13th Decision. The Objectants had ample time to hire a handwriting expert to review the Will, yet inexplicably they never did so. No good cause having been shown for this delay, the court would not have extended the Completion Date to accommodate this request, even if the NOI had not been filed (*see Gibbs v. St. Barnabas Hospital*, 16 NY3d 74 [2010]); CPLR 2004).

*The demand for a so-ordered subpoena*

The Objectants have claimed at numerous court conferences that Gary Henricksen

5

was murdered and his homicide is relevant to the validity of the Will. This theory has been asserted in the Objectants' papers with prior motions, discovery conferences, and during a court hearing on September 7, 2023, at which time the court indicated a subpoena duces tecum for the alleged investigation's records would not be so-ordered. The Objectants have never offered proof in competent form that there is or was an active NYPD investigation into Henricksen's death. Nor, more significantly, have the Objectants established the relevance of such an investigation to the Will's admissibility. Furthermore, despite having abundant opportunity to do so, the Objectants never subpoenaed any of the detectives (whose subpoena was not required by statute to be so-ordered), nor properly applied to have a subpoena duces tecum so-ordered (see CPLR 2306) to obtain testimony and/or documents relative to the alleged investigation. The Objectants' bare demand in their motion for the so-ordered subpoena of unnamed detectives is improper on its face and would not have been granted even if the Petitioner had not filed the NOI.

*The demand for Elaine Scott-Morton's deposition*

The Objectants allege that they would be unfairly prejudiced if they could not depose Elaine Scott-Morton, who is the decedent's daughter and has appeared in this proceeding through the same counsel representing the Objectants and all of the other disinherited distributees. The Objectants never noticed Ms. Scott-Morton's EBT, and they have not established how they would be harmed by not conducting her examination. It appears to the court that the Objectants could just ask her about the allegedly crucial information she has regarding the case and, if necessary, submit her affidavit with any dispositive motion they may file. Therefore, even if the NOI had not been filed, the court would not have extended

6

the Completion Date for Ms. Scott-Morton's deposition.

**The cross-motion**

The pendency of the instant motion constitutes good cause for extending the timelines set forth in CPLR 3212 (a). When the parties' counsel conferenced with a member of the Law Department on November 16, 2023 it was agreed that a briefing schedule for summary judgment motions would be held in abeyance pending the outcome of the Objectants' motion to vacate the NOI. As the Objectants have not presented any basis for vacating the NOI, another conference will be needed to schedule summary judgment motions.

**Conclusion**

On this state of the record, the Objectants' motion is denied in all respects. The Petitioner's cross-motion is granted in its entirety. The parties' counsel and the GAL shall appear at the calendar call of April 11, 2024 to establish a briefing schedule for dispositive motions.

This decision constitutes the order of the court.

Proceed accordingly.

HON. ELIZABETH A. TAYLOR, J.S.C.
ACTING SURROGATE

7